PAUL, APPELLEE, *v.* PAUL, APPELLANT.

[Cite as Paul v. Paul, 7 Ohio App. 2d 235.]

(No. 9900—Decided June 20, 1966.)

*Mr. Robert C. McIntosh,* for appellee.
*Mr. Frederick Valentine,* for appellant.

LONG, J. This case came to this court from the Hamilton County Common Pleas Court, Division of Domestic Relations. A divorce decree was entered in that court on September 2, 1961, requiring among other things that the appellee herein "pay any doctor or medical bills incurred for said children." The record discloses that one of the children required dental care of a more or less serious nature, which the dental surgeon referred to as orthodontic treatment. This treatment has continued and at present the charges for same amount to some $850.

Two motions were filed by the appellant; one was for a rule holding appellee in contempt for refusing to pay the dentist's bill; and the other was a motion to modify the decree. A hearing was had by a referee of the court who found appellee in contempt and offered appellee the opportunity of purging himself by paying approximately one-half of the dentist bill at the rate of $5 per month. Upon motion by the appellant to have the court review the findings of the referee, the court reversed the referee. The court found both of the appellant's motions not well taken.

Appellant appeals to this court upon the failure of the trial court to grant appellant's motion for a rule and in failing to find appellee in contempt for not paying the dental bill.

It is urged upon this court that the language of the decree binds the appellee to the payment of only the bills of medical doctors and does not include dentists. With this interpretation we do not agree. It is argued further, that the work done by the orthodontic surgeon is purely cosmetic and was not necessary for the health of the child. This is not borne out by the record.

Dr. Ackerman testified with reference to "her defective occlusion" as follows: "She would have had to have all her upper teeth removed and dentures made in order to keep the teeth from striking the roof of the mouth."

In the opinion of this court, the language of the decree clearly makes the appellee responsible for the payment of the bill of the orthodontic treatments and that he is in contempt for not paying same. For not so finding, the trial court is reversed; however, this case is remanded to the trial court to fix the manner in which the contempt can be purged, based on appellee's ability to pay.

*Judgment reversed and cause remanded.*

HILDEBRANT, P. J. and HOVER, J., concur.