[Cite as *McDonald v. McDonald*, 2013-Ohio-470.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY


MARY ANN MCDONALD, nka FULTON, :

    Plaintiff-Appellee, : Case No. 12CA1

    vs. :

PATRICK MCDONALD, : DECISION AND JUDGMENT ENTRY


    Defendant-Appellant. :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: T. David Burgess, 110 North Third Street, Williamsburg,
Ohio 45176-1322

COUNSEL FOR APPELLEE: Kristy S. Wilkin and Brett W. Rudduck, PEELLE LAW
OFFICES CO., L.P.A., 149 East Main Street, Hillsboro,
Ohio 45133

_____

CIVIL CASE FROM COMMON PLEAS COURT, DIVISION OF DOMESTIC RELATIONS
DATE JOURNALIZED: 2-4-13
ABELE, J.

{¶ 1} This is an appeal from a Highland County Common Pleas Court, Division of

Domestic Relations, judgment finding Patrick McDonald, appellant below and appellant herein, in

contempt of a divorce decree and ordering him to pay one-half of the parties' minor children's

uninsured dental expenses and one-half of a magnetic resonance imaging (MRI) bill.

{¶ 2} Appellant assigns the following errors for review:

\

FIRST ASSIGNMENT OF ERROR:

"WITHOUT EXPERT TESTIMONY THE EVIDENCE BEFORE
THE COURT ON DENTAL EXPENSES WAS INSUFFICIENT
FOR THE COURT TO ORDER THE DEFENDANT TO PAY ONE
HALF AND AN ABUSE OF DISCRETION BY THE COURT."

SECOND ASSIGNMENT OF ERROR:

"THE COURT COMMITTED ERROR BY ORDERING THE
DEFENDANT TO PAY DENTAL EXPENSE[S] WHEN THE
DECREE OF DIVORCE PROVIDED [F]OR THE PAYMENT OF
MEDICAL EXPENSES."

THIRD ASSIGNMENT OF ERROR:

"THE COURT ABUSED ITS DISCRETION IN ORDERING THE
DEFENDANT TO PAY ONE HALF OF THE DENTAL
EXPENSES AND WAS PREJUDICIAL TO THE DEFENDANT."

{¶ 3} On May 23, 1996, the trial court granted appellant and Mary McDonald nka Fulton, plaintiff below and appellee herein, a divorce. The divorce decree provided that "[a]ll medical expenses above $100.00 per year per child and not insured shall be paid equally (50/50) by the parties."

{¶ 4} On April 13, 2011, appellee filed a motion that requested the court to find appellant in contempt for failing to pay one-half of the children's uninsured dental expenses and one-half of a MRI bill.

{¶ 5} At the hearing regarding appellee's contempt motion, appellant asserted that the divorce decree requires him to pay one-half of the children's uninsured "medical expenses" and that the phrase "medical expenses" does not include dental expenses. He further argued that appellee did not present any evidence that the dental expenses were indeed necessary. Appellant

admitted, however, that he is responsible for one-half of the MRI bill.

{¶ 6}   Appellee testified that at the time of the divorce decree, she carried both medical and dental insurance for the children and that the decree ordered her to continue to carry insurance for the children.   She stated that one of the children required orthodontic treatment because "her teeth were pinched in the front," "[s]he had a severe overbite," and one of her teeth was "up in the gum."

{¶ 7}   Appellant objected to appellee's testimony regarding the necessity of the dental procedure.   He argued that appellee needed to present expert testimony to demonstrate the necessity of the procedure.

{¶ 8}   The magistrate overruled appellant's objection and explained that appellee "can testify to what the teeth looked like" and why "she sought treatment."   Appellee then testified that another child required braces because the child "had a gap in the front that needed to be pulled together and she had another tooth that wasn't coming in right."   Appellee stated that between 2006 and 2008, she sent copies of all the bills to appellant, but that the appellant refused to pay his share.

{¶ 9}   After appellee presented her evidence, appellant's counsel sought to call appellee's counsel as a witness.   The magistrate, however, refused to permit appellant's counsel to call appellee's counsel as a witness.

{¶ 10}  At the conclusion of the hearing, the magistrate found appellant in contempt for his failure to pay the dental bills and the MRI bill.   The magistrate observed that the divorce decree did not explicitly address dental expenses, but determined that the case authorities supported a finding that "medical expenses" included dental expenses.   The magistrate did not agree with

appellant that appellee is required to present expert testimony regarding the medical necessity of the dental procedures. The magistrate noted that appellant received copies of the bills several years earlier and, thus, (1) had more than sufficient notice of the existence of the dental bills, and (2) had ample time to subpoena the dentist to question the necessity of the procedures. The magistrate therefore recommended that the court find appellant in contempt for failing to pay one-half of the dental bills and one-half of the MRI bill.

{¶ 11} On August 2, 2011, appellant objected to the magistrate's decision and asserted that appellee did not present sufficient evidence to support the magistrate's contempt finding. Appellant argued that appellee is required to present expert testimony that the medical expenses are necessary. Appellant additionally objected to the magistrate's finding that the term "medical expenses," as used in the divorce decree, includes dental expenses.

{¶ 12} On December 12, 2011, the trial court overruled appellant's objections and found him in contempt for failing to pay one-half of the children's dental expenses and one-half of the MRI expense. This appeal followed.

{¶ 13} Appellant's three assignments of error all challenge the trial court's judgment finding him in contempt. For ease of analysis, we have combined them and considered them out of order when appropriate.

A

STANDARD OF REVIEW

{¶ 14} Initially, we note that a trial court possesses broad discretion when considering a contempt motion. State ex rel. Celebrezze v. Gibbs, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991); State ex rel. Ventrone v. Birkel, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). Thus, absent an

abuse of discretion, an appellate court will uphold a trial court's contempt decision.   E.g., Welch v. Muir, 4th Dist. No. 08CA32, 2009–Ohio–3575, ¶10.   Generally, an abuse of discretion constitutes more than an error of law or judgment; rather, it implies the court's attitude was unreasonable, arbitrary or unconscionable.   E.g., Landis v. Grange Mut. Ins. Co., 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); Malone v. Courtyard by Marriott L.P., 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996).   An appellate court may not find an abuse of discretion simply by substituting its judgment for that of the trial court.   State ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); In re Jane Doe 1, 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181 (1991).   Instead, to find an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."   Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996); Bragg v. Hatfield, 4th   Dist. No. 02CA567, 2003–Ohio–1441, ¶24.

B

CONTEMPT

{¶ 15}   "Contempt of court" is the disobedience or disregard of a court order or a command of judicial authority.   E.g., Daniels v. Adkins, 4th Dist. No. 93CA1988 (June 3, 1994); Johnson v. Morris, 4th Dist. No. 93CA1969 (Dec. 13, 1993).   It involves conduct that engenders disrespect for the administration of justice or "which tends to embarrass, impede or obstruct a court in the performance of its functions."   Denovchek v. Trumbull Cty. Bd. of Commrs., 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988), quoting Windham Bank v. Tomaszczyk, 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus (1971).   "The law of contempt is intended to uphold

and ensure the effective administration of justice," "to secure the dignity of the court and to affirm

the supremacy of law."   Cramer v. Petrie, 70 Ohio St.3d 131, 133, 637 N.E.2d 882 (1994).   A

court "possesses both inherent and statutory authority to compel compliance with its lawfully

issued orders."   State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355,

citing Cramer, 70 Ohio St.3d at 133-134, and R.C. 2705.02(A).

{¶ 16} A distinction exists between criminal and civil contempt. Criminal contempt

proceedings vindicate the authority of the legal system and punish the party who offends the court.

Scherer v. Scherer, 72 Ohio App.3d 211, 214, 594 N.E.2d 150 (1991); In re Skinner, 4th Dist. No.

93CA547 (Mar. 23, 1994).   The sanction imposed for criminal contempt operates as a punishment

for the completed act of disobedience.   E.g., Brown v. Executive 200, Inc., 64 Ohio St.2d 250,

254, 416 N.E.2d 610 (1980).

{¶ 17} Civil contempt exists when a party fails to do something ordered by a court for the

benefit of an opposing party.   Pedone v. Pedone, 11 Ohio App.3d 164, 165, 463 N.E.2d 656

(1983); Beach v. Beach, 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955).   The punishment is

remedial, or coercive, in civil contempt.   State ex rel. Henneke v. Davis, 66 Ohio St.3d 119, 120,

609 N.E.2d 544 (1993).   In other words, civil contempt is intended to enforce compliance with a

court's orders.

{¶ 18} The party seeking to enforce a court order must establish, by clear and convincing

evidence, the existence of a court order and the nonmoving party's noncompliance with the terms

of that order.   Wolf v. Wolf, 1st Dist. Hamilton No. C–090587, 2010-Ohio-2762, 2010 WL

2473277, ¶4; Morford v. Morford, 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist. 1993).   The

burden then shifts to the defendant to establish any defense.   Morford

"Clear and convincing evidence is that measure or degree of proof which is more than a 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."

Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Thus, even when the plaintiff bears the burden of proof by "clear and convincing" evidence, our standard of review is deferential and the presence of "some competent, credible evidence" requires us to affirm the trial court's judgment. State v. Miller, 4th Dist. No. 11CA3217, 2012-Ohio-1901, ¶24, citing State v. Schiebel, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990).

## C

## INTERPRETATION OF DIVORCE DECREE

{¶ 19} In his second assignment of error, appellee asserts that the trial court erred by ordering him to pay dental expenses when the divorce decree specified "medical," but not "dental," expenses. Appellant contends that the phrase "medical expenses" as used in the divorce decree does not encompass dental expenses.

{¶ 20} We observe that appellant did not cite any authority in support of his second assignment of error. App.R. 16(A)(7) requires an appellant's brief to contain an argument with citations to authorities. As we recently emphasized in State v. Pippen, 4th Dist. No. 11CA3412, 2012-Ohio-4692, 65:

"'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" Thomas v. Harmon, 4th Dist. No. 08CA17, 2009–Ohio–3299, at ¶14, quoting State v. Carman, 8th Dist. No. 90512, 2008–Ohio–4368, at ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" Catanzarite v. Boswell, 9th Dist. No. 24184, 2009–Ohio–1211, at ¶16, quoting Kremer v. Cox,

114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." Frye v. Holzer Clinic, Inc., 4th No. 07CA4, 2008–Ohio2194, at ¶12. See, also, App.R. 16(A)(7); App.R. 12(A)(2); Albright v. Albright, 4th Dist. No. 06CA35, 2007–Ohio–3709, at ¶16. While we sometimes consider deficient assignment of errors in the interest of justice, we find no need to do so here."

{¶ 21} Similarly, in the case at bar, we do not believe that the interests of justice require us to consider appellant's deficient assignment of error. Appellant did not cite any authority to support his argument that "medical expenses," when used in a divorce decree, does not encompass dental expenses. Conversely, appellee did cite authority that "medical expenses" includes dental expenses. Paul v. Paul, 7 Ohio App.2d 235, 219 N.E.2d 613 (1966). Moreover, we also believe that Paul expresses the more reasoned and appropriate view on this issue.

{¶ 22} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

D

EXPERT TESTIMONY

{¶ 23} In his first assignment of error, appellant argues that the trial court abused its discretion by finding him in contempt of the divorce decree when appellee did not present expert testimony to establish the medical necessity of the dental expenses.

{¶ 24} In the case sub judice, appellee presented a prima facie case to support her contempt motion. She presented evidence that the divorce decree required appellant to pay one-half of the children's uninsured "medical expenses" and that appellant did not pay one-half of the children's dental bills and one-half of an MRI bill. The trial court interpreted medical expenses to include dental expenses. Appellee thus satisfied her burden to prove the existence of an order that

required appellant to pay one-half of the uninsured dental expenses and that appellant failed to pay. Wolf at ¶4; Morford, 85 Ohio App.3d at 55. The burden then shifted to appellant to establish any defense. Morford, 85 Ohio App.3d at 55.

{¶ 25} Here, appellant failed to present any evidence to support a defense. He asserted that he was not obligated to pay under the terms of the divorce decree because the children's dental expenses were not medically necessary. However, at least two problems arise with appellant's defense. First, appellant presumes that the decree obligates him to pay medical expenses only when those expenses are medically necessary. However, nothing in the divorce decree explicitly states that appellant is responsible for one-half of uninsured medical expenses only when those expenses are medically necessary. Second, even if appellant could establish that the decree requires medical expenses to be necessary before appellant's obligation arises, he did not present any evidence to show that the dental expenses were medically unnecessary. Because appellant raised the medical necessity of the expenses as a defense to his failure to pay, appellant bore the burden of proof. Id. The divorce decree did not require appellee to prove that the expenses were medically necessary. Here, appellant's argument that appellee was required to present expert testimony to show that the expenses were medically necessary improperly allocates the burden of proving his defense to appellee.

{¶ 26} Furthermore, as the magistrate observed, appellant had notice of the dental expenses for several years before appellee filed her contempt motion and up until the time of the hearing, appellant did not argue that the dental expenses were not medically necessary. The magistrate aptly noted that appellant had more than ample time to challenge the necessity of the expenses and to subpoena a medical professional as a witness.

{¶ 27} Moreover, if appellant believed that the decree required him to pay only necessary medical expenses, he should not have simply refused to pay, but instead, should have requested a ruling from the court as to the meaning of the decree. Rohrbacher v. Rohrbacher, 83 Ohio App.3d 569, 577, 615 N.E.2d 338 (6th Dist. 1992) (stating that "the obligor cannot decide that the terms of a separation agreement are ambiguous or inapplicable and simply refuse to fulfill the obligation. He must take some affirmative action either prior to or at the time his obligation arises."); Forstner v. Forstner, 68 Ohio App.3d 367, 373-374, 588 N.E.2d 285 (11th Dist. 1990), quoting Slotta v. Slotta, 11th Dist. No. 13-081, (July 28, 1989) ("'It is not enough for appellee to conclude that the separation agreement was ambiguous and simply stop paying. He had an affirmative duty to clarify the agreement's meaning and to continue with his obligation. Failure to do so constitutes default on his part.'").

{¶ 28} Considering all of the foregoing, we cannot conclude that the trial court's decision to find appellant in contempt of the divorce decree without requiring appellee to prove the medical necessity of the dental expenses constitutes an abuse of discretion. Appellee demonstrated a prima facie case and appellant did not present any evidence to support a defense.

{¶ 29} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

E

ABUSE OF DISCRETION

{¶ 30} In his third assignment of error, appellant asserts that the magistrate displayed an unreasonable attitude when admonishing appellant for calling opposing counsel as a witness,

which then caused her to render an unreasonable decision finding appellant in contempt.

Appellant did not raise this issue when he filed objections to the magistrate's decision. We review actions of the trial court, not of the magistrate. Appellant therefore waived all but plain error. Civ.R. 53(D)(3)(b)(vi).

> "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."

Goldfuss v. Davidson, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶ 31} We have reviewed the trial court's decision and find nothing to suggest that plain error occurred. As an aside, we do express concern regarding the tone of the hearing before the magistrate. We not only encourage, but admonish, all involved to conduct themselves with proper demeanor and in a manner that comports with the applicable rules of conduct.

{¶ 32} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *McDonald v. McDonald*, 2013-Ohio-470.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

<u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.