PEDONE, APPELLEE, *v.*
PEDONE, APPELLANT.

(No. 45841—Decided October 3, 1983.)

*Mr. Vetus J. Syracuse,* for appellee.
*Ms. Joyce E. Barrett,* for appellant.

CORRIGAN, J. Appellant, Charles G. Pedone, and appellee, Jean Alicia Pedone, were granted a divorce on December 19, 1975. Pursuant to the terms of a separation agreement ordered into execution by the court, appellant was to pay appellee $332 per month as maintenance and support, $158 per month as part of the property division and $6,000 at six percent interest per annum for house-trailer compensation. Appellant was further ordered to obtain a $100,000 life insurance policy to secure those payments due to the appellee.

Appellant failed to fully comply with all the provisions of the separation agreement in that he did not make all the payments his ex-wife was to receive, nor did he obtain the $100,000 life insurance policy. Appellee then brought an action to show cause, reduce arrearage, and to recover attorney's fees.

Appellant's partial performance under the separation agreement resulted in the court referee's recommendation that the appellant be held in contempt. The referee recommended that the appellant pay the appellee $7034.56 plus $345 in attorney's fees or serve a five-day sentence in the Cleveland House of Corrections.

The appellant filed objections to the referee's report, but the objections were overruled. Appellant is now appealing the trial court's ruling and assigns the following two errors:

"I. The trial court erred in sentencing the defendant to five (5) days in the Cleveland House of Corrections when there was no proof of a willful violation on the defendant's part, and the plaintiff had an adequate remedy at law.

"II. The judgment of the trial court is against the manifest weight of the evidence."

I

In the first assignment of error, appellant argues that the trial court erred in finding him in contempt because he did not intend to violate the terms of the separation agreement. Appellant contends that he did not have the financial capacity to make the necessary payments to the appellee, and that this inability is a valid defense to a charge of civil contempt. Appellant further contends that without the element of intent, a court cannot hold a party in contempt and inflict punishment.

We disagree with appellant's assertion that intent is a necessary element of civil contempt. "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *Beach* v. *Beach* (1955), 99 Ohio App. 428, 431 [59 O.O. 187]. It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result.

The Ohio Supreme Court has explicitly held that a party acting innocently and not in intentional disregard of a court order could not use that innocence as a defense to a charge of civil contempt. *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55 [56 O.O.2d 31], paragraph three of the syllabus. Additionally, in holding that intent is not requisite to sustaining a charge of civil contempt, the United States Supreme Court has stated, "The absence of wilfulness does not relieve from civil contempt. * * * An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." *McComb* v. *Jacksonville Paper Co.* (1949), 336 U.S. 187, 191.

Even if intent were a necessary element of a civil contempt violation, appellant clearly demonstrated such intent by his failure to obtain insurance coverage to secure his payments to the appellee. Appellant contends that his financial condition precluded him from meeting the requirements of the separation agreement. The evidence does not reflect that ap-

pellant's financial condition was in such dire straits that he could not meet his alimony obligations. To the contrary, it appears that appellant's holdings are diverse, and despite a business loss, should have allowed him to make prompt payment to the appellee.

Thus, while we hold that intent is not required to sustain a charge of civil contempt, the appellant's actions in this case were more than sufficient to demonstrate that he acted with intent. Therefore, the first assignment of error is without merit.

## II

The appellant charges in the second assignment of error that the judgment of the trial court is against the manifest weight of the evidence.

The appellant asserts that he made an oral agreement with the appellee whereby he would receive credit for payments he made for medical bills that the couple's child had incurred. The appellee does not admit to any such agreement. The App.

R. 9(C) statement of proceedings indicates that the trial court did not consider it in its determination of this case. The report of the trial court referee states that the parties actually stipulated to the amount of money in question. Therefore, we have no reason, based on the statement of the trial court proceedings before us, to hold that the judgment of the trial court was against the manifest weight of the evidence. Appellant's second assignment of error is overruled.

Accordingly, a full review of the record indicates that there was sufficient evidence submitted to warrant the findings made by the trial court and the punishment imposed for the contempt. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and PRYATEL, J., concur.