OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas. Appellants, Vera Keck ("Keck") and Lincoln House, Inc. ("Lincoln House"), appeal the trial court's finding appellant Keck in contempt of court for refusal to obey a permanent injunction enjoining appellants from asserting any claim adverse to appellee, Lincoln Health Care, Inc. ("LHC"), regarding a parcel of property in Mentor, Ohio.
 {¶ 2} Both parties have had various ongoing disputes dating back to October 1984. Vera Keck formed two corporations: LHC in 1982, and Lincoln House in 1983. In 1984, Health Care and Retirement Corporation of America (HCR) acquired LHC. At the time of the acquisition, LHC owned 7.216 acres of land, on which a nursing home was going to be developed. This parcel of land is located within a larger, fifty-five acre parcel of land owned by Lincoln House. The smaller parcel was landlocked, and, as such, three easements were granted through the larger parcel for access and utilities. In addition to those three easements, Lincoln House reserved a nonexclusive easement and right of way along the northern and eastern borders of the smaller parcel for utilities and easier access to the Lincoln House parcel.
 {¶ 3} On October 19, 1984, Keck and her children (who were also shareholders in LHC), sold their shares of stock to HCR. HCR subsequently built a nursing home on the 7.216-acre parcel. An ongoing dispute persists as to whether HCR paid the entire agreed purchase price for LHC. Keck contends that she was never fully reimbursed for the 7.216 acres along with the three easements. Keck has also maintained that the 1984 reserved easement still exists for use by Lincoln House. As a result, Keck filed a deed on January 18, 1991, in Lake County, which purported to convey the 7.216 acres from LHC to herself, personally. Keck asserts she did this in an attempt to force HCR to negotiate with her regarding the unpaid debt.
 {¶ 4} Officers for LHC subsequently filed a quiet title action against Keck and Lincoln House in the Lake County Court of Common Pleas on August 20, 1992. The trial court issued a judgment entry on August 16, 1993, holding:
 {¶ 5} "Defendants Vera Keck and/or Lincoln House, Inc. neither have nor possess any legal or equitable ownership interest, right, estate, lien, title, claim, interest or right of possession of any kind or nature whatsoever in the Premises.
 {¶ 6} "Plaintiff Lincoln Health Care, Inc. owns title to the Premises in fee simple and is entitled to quiet and peaceful possession of the Premises as against all persons, including, but not limited to, Vera Keck and/or Lincoln House, Inc.;
 {¶ 7} "Defendants Vera Keck and/or Lincoln House, Inc. and/or all persons claiming by, through or under them, be, and they hereby are, permanently enjoined from asserting any claim adverse to Plaintiff Lincoln Health Care, Inc.'s title to the Premises."
 {¶ 8} Keck and Lincoln House appealed this judgment to this court, which affirmed the trial court's judgment with the modification that the defendants' counterclaims against HCR should have been dismissed without prejudice, rather than with prejudice.[1]
 {¶ 9} Appellants subsequently filed a complaint against appellee in May 1996, alleging that they were never paid for the parcel. LHC filed a motion for contempt against Keck and Lincoln House, contending that the new complaint filed was in contempt of the trial court's previous judgment entry, which stated that Keck and Lincoln House had no claim or interest in the parcel. On June 16, 1999, the trial court attempted to resolve the issue by enforcing a comprehensive settlement agreement. Keck subsequently appealed that judgment to this court.[2] This court affirmed the trial court's judgment, enforcing the settlement agreement.
 {¶ 10} While the final adjudication of the second appeal to this court was pending, Keck continued to assert an easement interest in the property. On October 8, 1993, Lincoln House conveyed 41.5 acres of its property to Keck, personally. On January 29, 1999, Keck conveyed 4.5 acres of the 41.5 acres to Rocky River Marine Co., LLC, whose principal member was Betty Kemper. Along with the 4.5 acres, Keck conveyed the right to use the easement that Keck maintained she still possessed through the LHC parcel. Thereafter, Kemper formed another corporation, Kemper House Mentor, Inc., which subsequently erected an Alzheimer's facility on the property.
 {¶ 11} In addition, in February 2000, Keck hired surveyors to survey the purported easement over LHC's property. Keck then sent a letter, dated July 27, 2000, to the administrator of LHC's nursing home, stating that she would begin construction of an assisted living home on her property and "we intend to use our 50 foot reserved easement on Lincoln Health Care property for our access drive to Center Street."
 {¶ 12} As a result of these actions, LHC filed a motion for contempt on January 24, 2001, citing these instances as Keck's continued efforts to exert a supposed easement interest over LHC property despite the trial court's judgment stating that she had no claim or interest in the property. After a hearing, a judgment was issued on June 22, 2001, stating, "[T]his court finds that the language stating that Keck and Lincoln House has no interest of any kind or nature in Lincoln Health's property extinguished [the 1984] easement." The trial court also stated:
 {¶ 13} "Keck neither asserted the validity of this easement in her answer or counterclaim nor appealed this issue. This is despite the fact that plaintiffs specifically sought in their complaint a declaration that defendants had no rights whatsoever in the property. Thus while plaintiff did not specifically mention the reserved easement, the broad language plaintiff used put defendants on notice that they needed to preserve their rights to the reserved easement. They failed to do so."
 {¶ 14} The trial court then went on to conclude that Keck's claim to a reserved easement was a compulsory counterclaim and, thus, was barred by res judicata. The court found Keck in contempt of court. Another "journal entry" was added on December 10, 2001, imposing a $5,000 sanction on Keck and accepting Keck's purging of contempt by the granting of the subsequent easement to Kemper House Mentor, Inc. and Keck's agreement not to assert any interest or claim pending appeal.
 {¶ 15} Appellants filed the current appeal, citing five assignments of error:
 {¶ 16} "[1.] The trial court erred in finding that the August 16, 1993 Judgement Entry in Case no. 92 CV 001316 terminated the nonexclusive, perpetual, appurtenant, ingress/egress easement Lincoln House reserved in the 1984 deed of 6.08 acres to Lincoln Health Care.
 {¶ 17} "[2.] Even if the trial court's August, 1993 Judgment Entry terminated Lincoln House's reserved easement, the trial court erred in finding Vera Keck in contempt of court since the August, 1993, Judgment Entry that underlined three (3) of Lincoln Health Care's contempt charges was not sufficiently specific and definite that Lincoln House's reserved easement had been terminated for the trial court to find that Vera Keck or Lincoln House were in contempt of court for failing to obey that Judgment Entry.
 {¶ 18} "[3.] Even if the August, 1993 Judgment Entry was sufficiently specific and definite, the trial court erred in finding Vera Keck in contempt of court on any of the contempt grounds related to the reserved easement since Vera Keck acted in good faith in believing that Lincoln House's reserved easement had not been terminated by the August, 1993 Judgment Entry.
 {¶ 19} "[4.] The trial court erred in not finding that Vera Keck and Lincoln House were not in contempt of court for filing their May, 1996 lawsuit, Lake County Common Pleas, case no. 96 CV 00678.
 {¶ 20} "[5.] The trial court erred in finding Vera Keck and Lincoln House in contempt on any of the grounds alleged by Lincoln Health Care since Lincoln Health Care failed to meet its burden of proving Vera Keck or Lincoln House in contempt of court."
 {¶ 21} This court has held that "an appellate court will not reverse the decision of a trial court in a contempt proceeding absent an abuse of discretion."[3] An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.[4]
 {¶ 22} In their first and second assignments of error, appellants contend that the judgment entry issued by the trial court on August 16, 1993, later affirmed by this court, did not operate to terminate the reserved easement conveyed in 1984. Appellants assert that, because the easement was not specifically identified in the judgment entry, it cannot be terminated. Moreover, appellants contend that the August 16, 1993 judgment entry was too broad and did not specifically address the reserved easement.
 {¶ 23} In response to the 1991 deed, LHC brought a quiet title action, pursuant to R.C. 5303.01. The purpose of such an action is to conclusively determine the allocation of property interests. Thus, LHC brought the quiet title action to have the trial court conclusively determine whether appellants had any interest in the property owned by LHC. Easements are property interests covered by the quiet title action.[5] At the conclusion of a hearing on the matter, the trial court issued the August 16, 1993 judgment entry, which clearly states that appellants have no interest whatsoever in LHC's property. We find no authority requiring specific particularity in determining property interests and the termination of an easement in a quiet title action, and the authority cited by appellants is not on point. It is clear from the language of the 1993 judgment entry that the trial court concluded that appellants retained no interest in LHC property, whatsoever.
 {¶ 24} Civ.R. 13(A), governing compulsory counterclaims reads, in part:
 {¶ 25} "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties whom the court cannot acquire jurisdiction."
 {¶ 26} The purpose of the compulsory counterclaim is to avoid a multiplicity of suits by requiring in one action the litigation of all claims arising from an occurrence.[6]
 {¶ 27} In the case sub judice, the purpose of the quiet title action brought by LHC was to determine the property rights of LHC and appellants. Thus, appellants' claim of a valid reserved easement should have been asserted as a counterclaim at that time. Appellants could not avoid the issue and assert it at a later time.
 {¶ 28} Appellants' first and second assignments of error are without merit.
 {¶ 29} In their third assignment of error, appellants contend that, even if the 1993 judgment entry sufficiently rendered the 1984 conveyance null and void, the trial court erred in finding Keck in contempt of court as she acted on the good faith belief that the easement had not been terminated.
 {¶ 30} It is well established that, as the trier of fact, the trial court is in the best position to observe witnesses and judge their credibility.[7] The trial court noted, and appellants admit in their brief, that the specific issue of whether the 1984 easement was still valid was never raised by either party. As the parties went through the quiet title action and its appeal, followed by the enforcement of the settlement and its appeal, appellants never raised the issue of the easement and, instead, continued to operate as though it was valid. The trial court found that the language in the 1993 judgment entry was broad enough to put appellants on notice that they no longer possessed any rights in the parcel whatsoever and yet appellants persisted in exercising claimed rights over a nonexistent easement, including conveying it to another party. As such, we find that the trial court did not err in finding Keck in contempt as Keck did not act on a good faith belief that the easement was still valid.
 {¶ 31} Appellants' third assignment of error is without merit.
 {¶ 32} Appellants assert their fourth assignment of error but do not address it fully in their brief. However, we note that in their issue presented for argument, appellants contend that LHC's allegation of contempt against Keck was barred by the doctrine of res judicata because LHC dismissed the same motion for contempt as part of the final judgment entry enforcing the settlement agreement. We disagree.
 {¶ 33} LHC initially filed a motion for contempt after appellants continued exercising a claim of property right in the easement after the 1993 judgment entry. That motion was dismissed once settlement negotiations commenced. LHC was ultimately forced to seek enforcement of the settlement agreement by the trial court. After the trial court enforced the settlement agreement and it was pending in this court, appellants continued to exert their nonexistent easement interest, forcing LHC to file a second motion for contempt for appellants' subsequent actions. Thus, the second motion for contempt was filed in response to appellants' subsequent assertions of a property right after the enforcement of the settlement agreement, and, as there were subsequent grounds upon which LHC filed their contempt motion, the doctrine of res judicata does not apply.
 {¶ 34} Appellants' fourth assignment of error is without merit.
 {¶ 35} In their fifth assignment of error, appellants assert that LHC failed to meet the requisite burden of proof for contempt.
 {¶ 36} As the moving party, LHC had the burden of establishing, by clear and convincing evidence, a prima facie showing of contempt.[8]
"`Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein.'"[9] "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result."[10]
 {¶ 37} In the instant case, a review of the record reveals that appellants were aware of the broad nature of the 1993 judgment entry and still maintained that they had an easement interest in the property. Appellants also continued to take affirmative steps to assert that interest, including sending surveyors onto LHC's property, sending a letter to the administrator of the nursing home on the property stating that appellants would be using the easement, and, ultimately, attempting to convey the nonexistent interest to a third party — all in violation of the 1993 judgment entry. Thus, we find that the trial court properly held, by clear and convincing evidence, that appellant Keck was in contempt of court.
 {¶ 38} Appellants' fifth assignment of error is without merit.
 {¶ 39} Based on the foregoing, appellants' assignments of error are all without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P. J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] Lincoln Health Care, Inc. v. Keck (May 12, 1995), 11th Dist. No. 93-L-140, 1995 Ohio App. LEXIS 1957.
[2] Keck v. Health Care Retirement Corp. of Am. (Dec. 15, 2000), 11th Dist. No. 99-L-105, 2000 Ohio App. LEXIS 5915.
[3] (Citation omitted.) Bonjack v. Haueter (Apr. 5, 2002), 11th Dist. No. 2001-G-2342, 2002 Ohio App. LEXIS 1562, at *4.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] R.C. 5303.01; Mines v. Gibson (Dec. 20, 1991), 11th Dist. No. 90-T-4488, 1991 Ohio App. LEXIS 6229, at *9.
[6] Geauga Truck Implement Co. v. Juskiewicz (Dec. 30, 1982), 11th Dist. No. 1048, 1982 Ohio App. LEXIS 13591, at *4.
[7] Bonjack, at *8.
[8] Cottage v. Cottage (June 13, 1997), 11th Dist. No. 96-T-5412, 1997 Ohio App. LEXIS 2592, at *24.
[9] (Citation omitted.) Pedone v. Pedone (1983), 11 Ohio App.3d 164,165.
[10] Id. at 165.