[Cite as *Burkett v. Hickman*, 2016-Ohio-2701.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| PATRICIA BURKETT | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL HICKMAN | : | Case No. 15-CA-87 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 09-DR-1745-RPW



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    April 25, 2016



APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

DAVID L. MARTIN                    PAUL GIORGIANNI
57 East Main Street                1538 Arlington Avenue
Newark, OH  43055                  Columbus, OH  43212

*Farmer, P.J.*

{¶1} On May 23, 2011, appellant, Patricia Burkett, and appellee, Michael Hickman, were divorced via an agreed judgment entry decree of divorce. The agreed judgment entry provided for appellant to obtain a loan modification on the parties' real property and then sell the property.

{¶2} On June 16, 2011, appellee filed a motion for contempt against appellant, claiming she failed to pursue a loan modification and list and sell the real property per the divorce decree. On August 25, 2011, the parties entered into a settlement agreement wherein appellant was to continue to pursue the loan modification and pay appellee $2,000 in attorney fees. The trial court approved the agreement via agreed judgment entry filed September 19, 2011.

{¶3} On November 1, 2011, appellee filed a second motion for contempt against appellant, claiming she failed to list and sell the real property. On December 15, 2011, the parties entered into a settlement agreement wherein appellant was found in contempt and sentenced to ten days in jail, suspended in lieu of purging the contempt by immediately making a reasonable effort to list and sell the real property and pay appellee $1,500 in attorney fees. The trial court approved the agreement via agreed judgment entry filed January 9, 2012.

{¶4} On February 10, 2012, appellee filed a third motion for contempt against appellant, claiming she failed to purge the previous contempt finding. By agreed judgment entry filed April 17, 2012, appellant was ordered to pursue the loan modification, list and sell the real property, and pay appellee $2,000 in attorney fees, $1,500 from the previous order plus an additional $500.

{¶5} On June 21, 2012, appellee filed a fourth motion for contempt against appellant, claiming although she listed the real property for sale, she was not making any effort to sell it, and failed to pay attorney fees as ordered. A hearing before a magistrate was held on October 18, 2012. By decision filed November 29, 2012, the magistrate found appellant in contempt on both counts and ordered her to serve the previously imposed ten day jail sentence, suspended in lieu of purging the contempt by paying the balance of the attorney fees owed to appellee and pay appellee $3,200 in new attorney fees. Objections were not filed. By judgment entry filed January 4, 2013, the trial court entered judgment paralleling the magistrate's decision.

{¶6} On July 26, 2013, appellee filed a fifth motion for contempt against appellant, claiming she failed to sell the real property and failed to pay attorney fees as previously ordered by the trial court. On October 10, 2013, appellant filed a motion for contempt against appellee regarding a quit claim deed and a mobile home on the parties' property. A hearing before a magistrate was held on March 23, 2015. By decision filed April 1, 2015, the magistrate found appellant in contempt on both counts, and ordered her to serve twenty days in jail on each count, suspended in lieu of purging the contempt by paying appellee attorney fees in the amount of $1,561.83, paying outstanding attorney fees in the amount of $1,000, and paying seventy-five percent of the court costs and service of process fees.[1] Appellant filed objections. By judgment entry filed October 30, 2015, the trial court overruled the objections and entered judgment paralleling the magistrate's decision.

---

[1]The magistrate also found appellee in contempt of court regarding the mobile home on the property and ordered him to pay appellant's attorney fees and reimbursement expenses. The $1,561.83 awarded to appellee reflects the final figure after set-off.

{¶7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶8}   "THE COURT ERRED WHEN IT FOUND THE APPELLANT IN CONTEMPT FOR FAILING TO OBTAIN A LOAN MODIFICATION."

II

{¶9}   "THE COURT ERRED WHEN IT FOUND THE APPELLANT IN CONTEMPT FOR FAILING TO MAINTAIN THE MORTGAGE ON THE MARITAL RESIDENCE AND FAILING TO LIST THE MARITAL RESIDENCE FOR SALE."

III

{¶10}  "THE COURT ERRED WHEN IT FOUND THE APPELLANT IN CONTEMPT FOR FAILING TO OBTAIN A LOAN MODIFICATION OR SELL THE MARITAL RESIDENCE, SINCE IT HAD PREVIOUSLY FOUND THE APPELLANT IN CONTEMPT FOR THE SAME ACTS, IN VIOLATION OF HER RIGHTS AGAINST DOUBLE JEOPARDY AS SET FORTH IN THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION."

IV

{¶11}  "THE COURT ERRED WHEN IT ORDERED THE APPELLANT TO PAY THE DEFENDANT'S ATTORNEYS FEE, WHICH WAS INCURRED BY PROSECUTING THE MOTION AND HEARING ON MARCH 23, 2015."

I

{¶12} Appellant claims the trial court erred in finding her in contempt for failing to obtain a loan modification.  We disagree.

{¶13} In its judgment entry filed October 30, 2015, the trial court found appellant in contempt as follows:

2. Plaintiff is found to be in contempt for her failure to comply with the Court's Orders with respect to the sale of the parties' former marital residence at 6073 Stoney Hill Road, SE, Newark, Ohio 43056.***

3. Plaintiff is found to be in contempt for her failure to reimburse the defendant his attorney fees as ordered in the judgment entry of January 4, 2014.***

{¶14} These findings stem from appellee's July 26, 2013 motion for contempt wherein he argued the following:

As of the filing of this Motion, the plaintiff has not paid the attorney fees as she was ordered to do and she has yet to comply with the previous orders of the Court to either pay the mortgage payment or sell the real estate in order to have the defendant removed from the underlying mortgage indebtedness.  It is obvious that she continues to drag her feet in getting the home sold and meanwhile, the home is now the subject of Foreclosure proceedings and the defendant's credit has been significantly affected.

{¶15} Upon review, we find the trial court did not find appellant in contempt for failing to obtain a loan modification.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in finding her in contempt for failing to maintain the mortgage on the marital residence and failing to list it for sale. We disagree.

{¶18} We review contempt decisions under an abuse of discretion standard. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶19} As explained by our brethren from the Fourth District in *McDonald v. McDonald,* 4th Dist. Highland No. 12CA1, 2013-Ohio-470, ¶ 17-18:

Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party. *Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983); *Beach v. Beach,* 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955). The punishment is remedial, or coercive, in civil contempt. *State ex rel. Henneke v. Davis,* 66 Ohio St.3d 119, 120, 609 N.E .2d 544 (1993). In other words, civil contempt is intended to enforce compliance with a court's orders.

The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf,* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford,* 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993).

{¶20} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶21} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶22} In its judgment entry filed October 30, 2015, the trial court found appellant in contempt as follows:

2. Plaintiff is found to be in contempt for her failure to comply with the Court's Orders with respect to the sale of the parties' former marital residence at 6073 Stoney Hill Road, SE, Newark, Ohio 43056. The plaintiff is sentenced to twenty (20) days incarceration in the Licking County Justice Center. Imposition of this sentence is to be suspended and the plaintiff shall

have the opportunity to purge this contempt by fully and completely complying with the following conditions:

(a) paying the defendant the attorney fees awarded to him as provided for in Item 11, below: and,

(b) by paying her portion of the court costs and service of process fees incurred as provided by Item 12, below.

3. Plaintiff is found to be in contempt for her failure to reimburse the defendant his attorney fees as ordered in the judgment entry of January 4, 2014. The plaintiff is sentenced to twenty (20) days incarceration in the Licking County Justice Center. This sentence is to be suspended and the plaintiff shall have the opportunity to purge this contempt by fully and completely complying with the following conditions:

(a) paying the defendant the attorney fees awarded to him as provided for in Item 11, below: and,

(b) by paying the defendant the attorney fees of $1,000.00 owed by her as a result of an earlier order; and,

(c) by paying her portion of the court costs and service of process fees incurred as provided by Item 12, below.

{¶23} In his decision filed April 1, 2015, the magistrate found the following regarding the sale of the marital residence:

The Magistrate finds from the evidence admitted into the record that the plaintiff has failed to sell or refinance the former marital residence as ordered by the Divorce Decree of May 23, 2011, or the agreed judgment entries of September 19, 2011, and April 17, 2012.

The Magistrate finds from the evidence admitted into the record that the plaintiff no longer has the property listed for sale with a realtor. The most recent listing ended in the spring of 2014, approximately a year ago. The plaintiff attributes this to the realtor not being agreeable to showing the home when it was convenient to her.

\*\*\*

The evidence further shows that the plaintiff has not made any payments toward the mortgage debt secured by the residence since July 1, 2011. This essentially means that the plaintiff has now lived in the residence for going on four years without contributing any funds to the payment of the mortgage and that she has done nothing to list the residence for sale in the past year.

{¶24} During the March 23, 2015 hearing, appellant admitted she had agreed to sell the parties' marital residence via the agreed judgment entry decree of divorce filed May 23, 2011. T. at 7. She also admitted the last time she had made a mortgage payment was July 1, 2011. T. at 8. The marital residence had been in foreclosure once, but the action was dismissed. *Id.* Appellant also admitted that the marital residence was not currently listed for sale. T. at 8, 20. She explained her realtor told her there was no point

in relisting the home because "the listing was way higher than what the offers were coming in at." T. at 45. She had received "probably five offers." *Id.* Appellee testified as a result of the marital residence not being sold and his name still being listed on the mortgage, his "credit is ruined." T. at 32.

{¶25} We find no abuse of discretion in finding appellant in contempt for failing to sell the marital residence as agreed to on May 23, 2011.

{¶26} In his decision filed April 1, 2015, the magistrate found the following regarding the failure to pay attorney fees:

> The Magistrate finds from the evidence admitted into the record that the plaintiff has failed to pay or reimburse the defendant $1,000.00 of his attorney fees of $2,200.00 as ordered in the judgment entry of January 4, 2013. The plaintiff has failed to present a good defense to this allegation. The evidence shows that she is employed and earns approximately $50,000.00 annually. She is not making mortgage payments, but was able to retain an attorney to contest the mortgage foreclosure action by paying him $7,500.00.

{¶27} Appellant admitted to having been ordered to pay appellee attorney fees via agreed judgment entries filed January 9, 2012 and April 17, 2012 and judgment entry filed January 4, 2013. T. at 12-13, 14, 17. Appellant admitted to losing track of how much she owed appellee. T. at 18. She agreed at the time of the hearing, she had not paid all of the ordered attorney fees. T. at 19-20. Appellee testified to his total attorney fees incurred

up to the date of the hearing, as well as an estimate for the hearing date.  T. at 33; Defendant's Exhibit A.

{¶28}  We find no abuse of discretion in finding appellant in contempt for failing to pay attorney fees as ordered.

{¶29}  Upon review, we find clear and convincing evidence to support the trial court's decision finding appellant in contempt.

{¶30}  Assignment of Error II is denied.

### III

{¶31}  Appellant claims the trial court's finding of contempt violated the Double Jeopardy Clause as set forth in the United States and Ohio Constitutions.  We disagree.

{¶32}  Double jeopardy protections do not apply in civil contempt.  *State v. Miller,* 5th Dist. Holmes No. 02 CA 16, 2003-Ohio-948; *State v. Cortes,* 5th Dist. Holmes No. 00-CA-017, 2001 WL 1518373 (Nov. 28, 2001); *State v. Martin,* 5th Dist. Holmes No. 00CA003, 2001 WL 300672 (May 27, 2001).

{¶33}  Assignment of Error III is denied.

### IV

{¶34}  Appellant claims the trial court erred in ordering her to pay appellee's attorney fees on the contempt motion heard on March 23, 2015.  We disagree.

{¶35}  R.C. 3105.73 governs the award of attorney fees and litigation expenses. Subsection (B) states the following:

> In any post-decree motion or proceeding that arises out of an action
>
> for divorce, dissolution, legal separation, or annulment of marriage or an

appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶36} An award of attorney fees in a domestic relations action is within the sound discretion of the trial court. *Wildman v. Wildman,* 5th Dist. Licking No. 12-CA-21, 2012-Ohio-5090; *Blakemore, supra.*

{¶37} In its judgment entry filed October 30, 2015, the trial court ordered the following:

11. Plaintiff is awarded fifty percent (50%) of her attorney fees incurred in connection with her motion and the defendant is awarded all of his attorney fees incurred, less $444.00, which is to be deducted from the defendant's attorney fees, for a net amount of $4,302.79. These fees shall be offset by (a) fifty percent of the amount of attorney fees awarded to the plaintiff, $1,192.50, by (b) the amount the plaintiff incurred in maintaining and cleaning up around the defendant's mobile home, $1,120.00, (c) the plaintiff's court costs incurred to obtain title to the mobile home, $99.00, and (d) the amount of personal property taxes the plaintiff paid for the

defendant's mobile home, $329.46.  This results in a net award of attorney fees to the defendant in the amount of $1,561.83.

The defendant is awarded a judgment for this amount, together with statutory interest from the date of the judgment.  The plaintiff shall reimburse the defendant this amount of attorney fees, together with interest thereon, within three (3) months from the filing of this Judgment Entry.

{¶38}  Appellee's motion for contempt against appellant contained two branches, and he prevailed on both.  As a result, the trial court awarded appellee all of his attorney fees, minus $444.00 in previous miscellaneous fees owed.  Appellant's motion for contempt against appellee also contained two branches, but she prevailed on only one.  As a result, the trial court awarded appellant half of her attorney fees.  The trial court offset the attorney fees, and deducted from appellee's award monies appellant had incurred for the mobile home.

{¶39}  Upon review, we find the trial court did not abuse its discretion in the award of attorney fees.

{¶40}  Assignment of Error IV is denied.

{¶41}  We note appellee requests this court to order appellant to pay his attorney fees and litigation expenses associated with this appeal.  Appellee's Brief at 14-15.  We decline to grant the request, as "such a request must be made by motion pursuant to App.R. 15(A)."  *Barbato v. Mercy Medical Center,* 5th Dist. Stark No. 2005 CA 00044, ¶ 62.

{¶42} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Baldwin, J. concur.

SGF/sg 317