[Cite as *State ex rel. DeWine v. Walker*, 2019-Ohio-218.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO, EX REL. | : | JUDGES: |
| MICHAEL DEWINE | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | |
| N. KATHRYN WALKER | : | Case No. 2018CA00033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2008CV05100



JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            January 22, 2019




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

NICOLE CANDELORA-NORMAN              CRAIG T. CONLEY
30 East Broad Street                 604 Huntington Plaza
25th Floor                           220 Market Avenue South
Columbus, OH  43215                  Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, N. Kathryn Walker, appeals the February 21, 2018 contempt finding of the Court of Common Pleas of Stark County, Ohio.  Plaintiff-Appellee is State of Ohio ex rel. Michael DeWine.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant owns and operates a commercial mobile home park, Hillview Mobile Home Park.  Appellant also owned and maintained a private water and sewer system to provide water and sewer services to its residents.  On December 1, 2008, appellee, on behalf of the Ohio Environmental Protection Agency, filed a complaint against appellant for violating Ohio's environmental laws under R.C. Chapter 6109 and 6111.[1] The complaint alleged the private system "created risks to both human health and environment," and sought an injunction ordering appellant to connect to the village of Brewster's water and sewer system.

{¶ 3}   In July 2009, appellant agreed to a water service agreement with the village, wherein she would pay for the infrastructure to connect to its water system.  The parties could not agree on the sewer system, as appellant offered to pay only one-half of the costs associated with the infrastructure necessary to connect Hillview to the sewer system.

{¶ 4}   In order to resolve the matter involving the sewer connection, the parties entered into a consent order on August 13, 2010.  Appellant agreed to connect Hillview to the village's sewer system, and agreed to pay any necessary infrastructure costs and

---

[1]Appellant's husband, William Walker, Sr., was also named in the complaint.  He passed away on October 19, 2012, during the pendency of this case.

any stipulated penalties for the failure to meet specific deadlines.  Appellant also agreed to submit to the Ohio EPA "a fully signed legally binding Agreement and Declaration of Covenants for Extension of Village Sewer Services, entered into between the Village and Defendant," by no later than September 1, 2010.

{¶ 5}   Appellant failed to abide by the mandates of the consent order by failing to submit to the Ohio EPA a signed agreement by September 1, 2010, and failing to pay stipulated penalties.  As a result, appellee filed a motion for contempt against appellant on July 26, 2013.

{¶ 6}   On May 19, 2014, appellant filed a separate action against the village to determine who should be responsible for the costs of connecting to the sewer system in light of an annexation agreement between the village and the Board of Trustees for Sugarcreek Township.  On July 20, 2015, the trial court in that case ruled in favor of the village and against appellant, finding the annexation agreement did not require the village to pay the costs of extending the sewer trunk line to Hillview, but allowed appellant to tie into the village sewer system at her own expense.  This court affirmed the decision. *Walker v. Brewster,* 5th Dist. Stark No. 2015CA00142, 2016-Ohio-1463.

{¶ 7}   A hearing on the contempt motion was held on March 17, 2017.  By judgment entry filed February 21, 2018, the trial court found appellant to be in contempt of the consent order from September 2, 2010, to July 23, 2013.  The trial court assessed civil penalties against appellant in the amount of $211,000.

{¶ 8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 9}  "THE TRIAL COURT ERRED IN GRANTING, IN PART, THE STATE'S MOTION TO SHOW CAUSE/MOTION FOR CONTEMPT."

I

{¶ 10} In her sole assignment of error, appellant claims the trial court erred in finding her to be in contempt.  We disagree.

{¶ 11} As explained by our colleagues from the Fourth District in *McDonald v. McDonald,* 4th Dist. Highland No. 12CA1, 2013-Ohio-470, ¶ 17-18:

Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party.  *Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983); *Beach v. Beach,* 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955).  The punishment is remedial, or coercive, in civil contempt.  *State ex rel. Henneke v. Davis,* 66 Ohio St.3d 119, 120, 609 N.E .2d 544 (1993).  In other words, civil contempt is intended to enforce compliance with a court's orders.

The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order.  *Wolf v. Wolf,* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford,* 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993).

{¶ 12} "Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence." *Allen v. Allen,* 10th Dist. Franklin No. 02AP-768, 2003-Ohio-954, ¶ 16.

{¶ 13} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 14} We will review a trial court's decision on contempt under an abuse of discretion standard. *Wadian v. Wadian,* 5th Dist. Stark No. 2007CA00125, 2008-Ohio-5009, ¶ 12, citing *In re Mittas,* 5th Dist. Stark No. 1994 CA 00053, 1994 WL 477799 (Aug. 6, 1994). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 15} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159.

{¶ 16} In signing the August 13, 2010 consent order, appellant agreed to the following:

7. Defendants are hereby enjoined and ordered to implement the requirements related to wastewater imposed upon them in R.C. Chapter 6111, the rules adopted under that statute, and Exhibit A and any renewal or modifications thereof, in accordance with the following schedule:

d. Defendants are hereby enjoined and ordered to submit to the Ohio EPA, by no later than September 1, 2010, a fully signed legally binding Agreement and Declaration of Covenants for Extension of Village Sewer Services, entered into between the Village and Defendants, that states that the Village authorizes Defendants to connect the Hillview WWTW into the Village's Publicly Owned Treatment Works and that binds Defendants to pay the Village for the cost of connecting the Hillview WWTW into the Village's Publicly Owned Treatment Works.

e. Defendants are hereby enjoined and ordered to connect their WWTW into the Villages' Publically Owned Treatment Works by no later than 60 days after the Village notifies them in writing that it is available, and to abandon their WWTW by no later than 30 days thereafter.

{¶ 17} The consent order included stipulated penalties for failure to comply with the provisions of the order.

{¶ 18} During the hearing, the trial court recited the stipulation that "there's an admission that the agreement has not been entered into and that the connection has not been made to the Village's system." T. at 10. Clearly appellee established the existence of an order and appellant's noncompliance with the provisions of the order. Appellant

asserted the affirmative defense of "impossibility of performance vis-a-vis entering into the agreement with the Village, and as the record before the Court will show, there's a lengthy paper trail of multiple efforts to reach such an agreement repeatedly met with a brick wall." T. at 9-10. Appellant argued she has attempted to enter into an agreement with the village in accordance with the terms of the consent order, but the village has required indemnification clauses that she argues are commercially unreasonable.

{¶ 19} In its February 21, 2018 judgment entry finding appellant in contempt, the trial court found the following:

Upon review, the Court finds that the defendants have failed to comply with the terms of the Consent Entry from September 2, 2010 to the date of the filing of the motion for contempt on July 23, 2013. The Court finds that, from the date of the filing of the motion for contempt until the hearing on March 17, 2017, the matter was stayed as a result of associated litigation and appeals regarding the defendants' obligations, financial and otherwise, regarding the sewerline (sic) at issue. Additionally, during such time, the Court finds that the defendants were engaged in attempts to reach an agreement with the Village of Brewster to comply with the terms of the Consent Entry; however, those attempts were hampered, in part, as a result of the Village's unwillingness to negotiate out of the contract the indemnification clauses previously discussed. Based upon the uncontested expert testimony regarding such clauses, the Court finds them to be commercially unreasonable and, therefore, from July 23, 2013, until March

17, 2017, the defendant's compliance with the Consent Entry was impossible as it would have required them to have entered into a commercially unreasonable agreement. Accordingly, the Court finds that the defendants are in contempt of the Consent Agreement from September 2, 2010, until July 23, 2013.

{¶ 20} Appellant takes issue with the trial court "carving out" a contempt finding. Appellant argues if the subject agreement was "commercially unreasonable on or after July 23, 2013, it was commercially unreasonable from the outset; i.e., from the time it was initially proffered in 2009 to date." Appellant's Brief at 4.

{¶ 21} In a letter dated July 23, 2009, appellant submitted a proposal to the village administrator, Steven Hartman, proposing "to assist in the financing of up to half of the total cost of the aforesaid tie-in project between the Hillview Mobile Home Park and the Village of Brewster's wastewater system." Hartman depo. at 6; Hartman depo. Defendant's Ex. A. In August 2009, the village submitted an agreement and declaration of covenants, requiring appellant to pay the full cost. *Id.* at 15, 28, 44; Defendant's Ex. E. This proposal did not bear any signatures. The proposal contained indemnification clauses that appellant now refers back to to support her argument that the proposal was commercially impossible back in 2009. *Id.* at 21, 42. The 2009 proposals are irrelevant as they were submitted prior to the consent order, the consent order being entered into because the parties could not agree. In the consent order signed on August 13, 2010, appellant agreed to pay the entire cost of hooking up to the village sewer system, and agreed to submit to the Ohio EPA "a fully signed legally binding Agreement" between she

and the village by September 1, 2010.  There is no evidence to show that appellant made any effort to submit a signed agreement to the Ohio EPA between August 13, 2010 (consent order) and September 1, 2010 (deadline) and July 23, 2013 (contempt filing). Appellant did not attempt to negotiate an agreement with the village until after the contempt motion was filed.

{¶ 22} Upon review, we find the trial court did not abuse its discretion in finding appellant to be in contempt.

{¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 123