[Cite as *Price v. Price*, 2020-Ohio-3173.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANGELA PRICE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAVID PRICE | : | Case No. 2019 CA 00152 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 2018 DR 00043

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 2, 2020

APPEARANCES:

For Plaintiff-Appellee

GREGORY J. RUFO
101 Central Plaza South
Suite 600
Canton, OH  44702

For Defendant-Appellant

STANLEY R. RUBIN
437 Market Avenue North
Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, David Price, appeals the September 23, 2019 judgment entry of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, finding him in contempt for failing to pay spousal support.  Plaintiff-Appellee is Angela Price.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties herein were granted a divorce on October 26, 2018.  Pursuant to stipulations filed same date, the parties agreed on spousal support.  Appellant was to pay appellee $2,708.33 in two equal installments on the first and fifteenth of each month for the remainder of the 2018 calendar year.  The trial court retained jurisdiction as to the amount of spousal support, but not as to the duration which was set at fifty-four months.

{¶ 3}  Immediately following this stipulation, the parties amended the stipulation on spousal support.[1]  Appellant agreed to pay appellee $2,708.33 per month.  However, appellant was to pay $1,083.33 in two equal installments on the first and fifteenth of each month for the remainder of the 2018 calendar year.  Upon receipt of his bonus in May or June, appellant would pay the difference of $1,625.00 (the difference between $2,708.33 and $1,083.33 for each month of appellant's spousal support obligation).  Again, the trial court retained jurisdiction as to the amount of spousal support, but not as to the duration which was set at fifty-four months.

{¶ 4}  In December 2018, appellant lost his job and a month later, found a new job earning less.  He started paying appellee $833.00 per month.  On January 29, 2019,

---

[1]According to appellee's brief at 5, this amended stipulation was inadvertently not filed at the time, but was filed on September 11, 2019.  T. at 76-77.

appellant filed a motion to modify his spousal support obligation. On May 2, 2019, appellee filed a motion to hold appellant in contempt for failing to pay the full spousal support amount. A hearing was held on September 5, 2019. By judgment entry filed September 23, 2019, the trial court denied the motion to modify and found appellant in contempt.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ERRED IN FINDING THE HUSBAND IN CONTEMPT FOR FAILING TO PAY AN AMOUNT OF SPOUSAL SUPPORT IN 2019 THAT THE PARTIES AGREED WOULD EXPIRE AT THE END OF 2018."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in finding him in contempt for failing to pay spousal support. We disagree.

{¶ 8} As explained by our colleagues from the Fourth District in *McDonald v. McDonald,* 4th Dist. Highland No. 12CA1, 2013-Ohio-470, ¶17-18:

Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party. *Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983); *Beach v. Beach,* 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955). The punishment is remedial, or coercive, in civil contempt. *State ex rel. Henneke v. Davis,* 66 Ohio St.3d 119, 120, 609 N.E .2d 544 (1993). In other words, civil contempt is intended to enforce compliance with a court's orders.

The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf,* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford,* 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993).

{¶ 9} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} "Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence." *Allen v. Allen,* 10th Dist. Franklin No. 02AP-768, 2003-Ohio-954, ¶ 16. "Preponderance of the evidence" means evidence that is "more probable, more persuasive, or of greater probative value." *In re C.V.M.,* 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

{¶ 11} We will review a trial court's decision on contempt under an abuse of discretion standard. *Wadian v. Wadian,* 5th Dist. Stark No. 2007CA00125, 2008-Ohio-5009, ¶12, citing *In re Mittas,* 5th Dist. Stark No. 1994 CA 00053, 1994 WL 477799 (Aug. 6, 1994). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 12} Appellant argues the trial court erred in finding him in contempt because he was obligated to pay $2,708.33 for the remainder of 2018 only and appellee was required to return to court to establish the amount of spousal support for 2019. Therefore, appellant cannot be held in contempt for noncompliance of a court order that did not exist.

{¶ 13} The stipulation at issue states the following (filed September 11, 2019):

Defendant shall pay as and for spousal support to the Plaintiff the sum of $2,708.33 which is based upon Defendant's earnings of $110,000.00 per/year and Plaintiff's earnings of $36,000.00 per/year. Defendant shall pay $1,083.33 in two (2) equal installments on the 1st and 15th of each month, commencing upon the journalization of the Final Decree of Divorce in this matter. Defendant shall pay the aforementioned amount of spousal support to Plaintiff for the remainder of the 2018 calendar year. Upon Defendant's receipt of his bonus from his employer in May or June of **each year**, he will pay Plaintiff the difference of $1,625 (the difference between $2,708.33 and $1,083.33) for each month of Defendant's spousal support obligation. The Court shall retain jurisdiction as to the amount of spousal support but the Court shall not retain jurisdiction as to the duration of Defendant's spousal support obligation which the parties hereto stipulate shall be 54 months, commencing with the date of Defendant's first spousal support payment to Plaintiff, terminable upon death or remarriage. (Emphasis added.)

{¶ 14} The last entry of the stipulations state, "This Order shall remain in effect until March 1, 2020."

{¶ 15} In his motion to modify spousal support filed January 29, 2019, appellant requested the following:

> For Cause, Defendant states that at the time the divorce was granted, the Court ordered spousal support in the amount of $2,708.33 per/month pursuant to the agreement of the parties. The Court expressly retained jurisdiction with respect to the amount of spousal support in the Final Decree. The Court's Order with respect to spousal support was based upon the Court's determination that Defendant would earn $110,000.00 per/year and Plaintiff earning $36,000.00 per/year. Defendant's income has decreased causing him to earn $58,000.00 per/year. A material change in the circumstances has occurred since the previous court order such that review and adjustment of the spousal support amount should be undertaken.

{¶ 16} Nowhere in his motion did appellant argue the stipulated spousal support award expired at the end of 2018 and therefore a new amount needed to be determined. Appellant was operating under the stipulated amount of $2,708.33 per month.

{¶ 17} In her motion to show cause, appellee argued the following:

In addition, a second set of Stipulations was agreed to by the parties, which provided that Defendant would pay to Plaintiff, the sum of ONE THOUSAND EIGHTY THREE DOLLARS and THIRTY THREE CENTS ($1,083.33) in two (2) week installments on the first and fifteenth of each month, beginning in the year 2019 and that the Defendant, upon receipt of his bonuses from his employer, would pay the difference of ONE THOUSAND SIX HUNDRED TWENTY FIVE DOLLARS ($1,625.00) for each month of Defendant's spousal support obligation.

Defendant received a bonus after the filing of Stipulations, but has failed to pay the adjusted spousal support monthly obligation for the months of January and February (to date) for the year 2019.

{¶ 18} We note the second stipulation on spousal support did not contain the language "beginning in the year 2019," but rather "for the remainder of the 2018 calendar year."

{¶ 19} A hearing on the motions was held on September 5, 2019. Appellant explained he lost his job on December 3, 2018, with a base salary of $65,000.00 plus bonuses, and started a new job a month later earning a base salary of $58,000.00 plus bonuses. T. at 7, 18, 21, 23. He paid appellee spousal support in January 2019, but could not remember the amount. T. at 27. In February 2019, he started paying appellee $833.00 per month. T. at 27-28. He admitted to not paying appellee the stipulated amount from January 2019 through August 2019. T. at 78. Appellant testified he was unable to continue paying appellee per the terms of the stipulation. T.

at 29-30.  He was not aware of any court order that permitted him to pay appellee only $833.00 per month.  T. at 79.

{¶ 20} In its September 23, 2019 judgment entry finding appellant in contempt, the trial court found the following:

> What bonuses Defendant may be entitled to receive from Zeigler Tire remains unresolved as well as whether or not he will receive a bonus from his current employer.  The evidence is clear that if Defendant will receive a bonus from his current employer is based on the same concept that served his bonus formula at Zeigler Tire.  The reduction of $7,000.00 per month [sic] [year] of Defendant's base salary is no justification for Defendant's voluntary decision to reduce his monthly spousal support payments from $1,083.33 to $833.00.  Accordingly, this Court concludes that Defendant's unilateral decision to reduce his spousal support payments was intentional and in willful contempt of this Court's Order. Defendant may purge himself of this willful contempt by paying all spousal support arrearage no later than January 1, 2020.

{¶ 21} Based upon the evidence presented, we cannot find that the trial court abused its discretion in finding appellant in contempt for failing to pay appellee the full amount of spousal support.  While the stipulated order contained the language "for the remainder of the 2018 calendar year," it also discussed appellant's receipt of his bonus "in May or June of each year" and stated the order was to remain in effect until March 1, 2020.  We find clear and convincing evidence of the existence of a court order and

appellant's noncompliance with the order. We do not find any evidence to rebut the initial showing of contempt or to establish an affirmative defense by a preponderance of the evidence.

{¶ 22} Upon review, we find the trial court did not abuse its discretion in finding appellant in contempt for failing to pay the stipulated spousal support amount. Because the contempt finding is affirmed, any attorney fees derived from the finding stand.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.


EEW/db