THE STATE EX REL. HENNEKE, APPELLANT, *v.* DAVIS, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Henneke v. Davis* (1993), 66 Ohio St.3d 119.]

(No. 92–974—Submitted January 5, 1993—Decided April 14, 1993.)

*H. Fred Hoefle,* for appellant.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Roger E. Friedmann,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.*   Appellant's motion, by which he seeks to preserve and enforce his claimed rights under the appellate court's order issued in 1985, is for civil contempt.   See *State v. Local Union No. 5760* (1961), 172 Ohio St. 75, 82–83, 15 O.O.2d 133, 138, 173 N.E.2d 331, 338; *Wellman Eng. Co. v. Calderon Automation, Inc.* (1965), 2 Ohio App.2d 385, 31 O.O.2d 591, 209 N.E.2d 172.   The purpose of a civil contempt proceeding is remedial in nature, to obtain compliance with a lawful court order for the benefit of the complainant.   *State v. Local Union No. 5760, supra; Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 520 N.E.2d 1362.

In the companion case of *Jones, supra,* we have already provided the relief appellant seeks:  the effective nullification of the clerk's policy honoring "cash

only" bonds. Because our consideration of this appeal can not result in further benefit to appellant, we dismiss this appeal as being moot.

*Appeal dismissed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.