[Cite as *Ward v. Ward*, 2016-Ohio-5178.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JULIE A. WARD | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos. 15-CA-33 |
| JOHN R. WARD | : | 15-CA-53 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2005 DS 216


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          July 29, 2016


APPEARANCES:

For Plaintiff-Appellee

RAINA D. CORNELL
329 East Main Street
Lancaster, OH  43130

For Defendant-Appellant

RANDY L. HAPPENEY
144 East Main Street
P.O. Box 667
Lancaster, OH  43130

*Farmer, P.J.*

{¶1} On August 22, 1986, appellant, John Ward, and appellee, Julie Ward, were married. One child was born as issue of the marriage, Nicole, born October 12, 1992. Nicole is disabled due to a medical condition.

{¶2} On December 2, 2005, the parties' marriage was terminated pursuant to a decree of dissolution with a shared parenting plan. The parties agreed that appellant would pay appellee child support in the amount of $490.41 per month, and child support would continue beyond Nicole's eighteenth birthday, until the parties agreed to terminate the child support obligation.

{¶3} Due to subsequent disputes that arose, an agreed judgment entry was filed on July 6, 2009, terminating the shared parenting agreement, naming appellee as residential parent, and maintaining the terms of the shared parenting agreement that were not otherwise modified e.g., child support.

{¶4} Nicole turned eighteen on October 12, 2010. Further disputes arose. On January 21, 2011, a judgment entry was filed increasing appellant's child support obligation to $830.12 per month.

{¶5} On February 12, 2013, appellant filed a motion to terminate child support as Nicole turned eighteen years old and was no longer a high school student. On April 26, 2013, appellant filed a motion to modify child support as Nicole was receiving social security benefits. On October 8, 2013, appellee filed a motion to modify child support and on January 9, 2014, filed a motion for contempt over appellee's failure to pay medical expenses per the July 6, 2009 agreed judgment entry and the January 21, 2011 judgment entry. A hearing before a magistrate was held on January 28, 2014. Prior to

the hearing, appellant withdrew his motions to terminate and modify child support. By decision filed August 28, 2014, the magistrate increased appellee's child support obligation to $2,802.35 per month, found him in contempt, and ordered him to pay attorney fees. Appellant filed objections. On October 30, 2014, the magistrate filed a nunc pro tunc decision to name appellant as the child support obligor and appellee as the child support obligee. Again, appellant filed objections. By judgment entry filed May 12, 2015, the trial court overruled the objections and adopted the magistrate's nunc pro tunc decision.

{¶6} On June 9, 2015, appellant filed an appeal, Case No. 15-CA-33.

{¶7} On July 1, 2015, appellant filed a motion to set aside the magistrate's nunc pro tunc decision and the trial court's May 12, 2015 judgment entry, and for a recalculation of the child support order due to a change of circumstances. By judgment entry filed August 31, 2015, this court remanded the matter to the trial court for ruling on the Civ.R. 60(B) motion. Appellant filed a supplemental memorandum on September 9, 2015. By judgment entry filed September 25, 2015, the trial court denied the motion, finding relief was not warranted under any of the grounds stated in Civ.R. 60(B)(1) through (5).

{¶8} On October 20, 2015, appellant filed an appeal, Case No. 15-CA-53.

{¶9} By entry filed April 12, 2016, this court consolidated the two cases for "oral argument and decision." This matter is now before this court for consideration.

{¶10} Assignments of Error in Case No. 15-CA-33 are as follows:

I

{¶11} "THE MAGISTRATE IMPROPERLY CALCULATED CHILD SUPPORT USING A DAYCARE AMOUNT THAT WAS INACCURATE, INCOMPLETE AND EXCESSIVE."

II

{¶12} "THE MAGISTRATE IMPROPERLY CALCULATED CHILD SUPPORT USING A 'STIPULATED' DAYCARE AMOUNT WHEN SAID STIPULATION WAS INACCURATE AND INCOMPLETE."

III

{¶13} "THE MAGISTRATE ERRED IN MAKING THE MODIFICATION OF CHILD SUPPORT EFFECTIVE APRIL 26, 2013."

IV

{¶14} "THE MAGISTRATE IMPROPERLY FOUND APPELLANT GUILTY OF CONTEMPT BASED UPON A HEARSAY DOCUMENT, INCORRECTLY ADMITTED INTO EVIDENCE."

{¶15} Assignments of Error in Case No. 15-CA-53 are as follows:

I

{¶16} "THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THE DEPOSITION TESTIMONY OF REPRESENTATIVES OF THE FAIRFIELD COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, AS TO APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."

II

{¶17} "THE TRIAL COURT ERRED IN REFUSING TO SET ASIDE THE MAGISTRATE'S DECISION DATED OCTOBER 31, 2014 AND THE JUDGMENT ENTRY OVERRULING OBJECTIONS TO THE SAME, DATED MAY 12, 2015, PURSUANT TO CIV.R.60(B)(1) [EXCUSABLE NEGLECT] AND CIV.R. 60(B)(3) [FRAUD ON THE COURT]."

III

{¶18} "THE TRIAL COURT ERRED IN FAILING/REFUSING TO CORRECT THE EFFECTIVE DATE OF THE SUPPORT MODIFICATION HEREIN, TO WIT: FROM APRIL 26, 2013 [DATE OF FILING OF APPELLANT'S MOTION] TO OCTOBER 8, 2013 [DATE OF FILING OF APPELLEE'S MOTION]."

CASE NO. 15-CA-33

I, II

{¶19} Appellant claims the trial court improperly calculated child support in its modification by using an incorrect daycare expense amount. We disagree.

{¶20} Determinations on child support are within a trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142 (1989). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶21} Appellant argues the amount was calculated without a time frame and without a finding on reasonableness. By nunc pro tunc decision filed October 30, 2015, the magistrate stated the following:

It was stipulated by the parties that Julie A. Ward earns $73,775.00. She pays local taxes in the amount of 5.5 percent. She pays $0.00 for health care, $40,709.76 for day care for Nicole, $0.00 for work related expenses. Mrs. Ward does not have other children.

It was stipulated by the parties that John R. Ward earns $118,502.00 annually. He pays 5.5 percent for local taxes. He pays $0.00 for health insurance for the minor child, $0.00 for daycare, $0.00 for work related expenses. He has one other minor child who resides with him.

{¶22} The magistrate raised appellant's child support obligation from $830.12 per month to $2,802.35 per month, "due primarily to the increase in day care expense. The increase in the amount of child support is substantial enough to require a modification of the child support amount."

{¶23} We note Civ.R. 53(D)(3)(b)(ii) states: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Appellant filed objections and generally argued the child support order was "improperly calculated by the inclusion of unspecified medical and daycare expenses." From our review, the objection calls into question lines 18 and 19 of the Child Support Computation Summary Worksheet. Line 18 lists "Annual Support per Parent": $9,249.50 for appellant, and $5,968.50 for appellee. Line 19 lists "Net Child Care Exp. Paid": $0.00 for appellant, and $40,109.76 for appellee.

{¶24} In its May 12, 2015 judgment entry ruling on appellant's objection to the child support calculation, the trial court stated the following:

> John R. Ward also objected that his court ordered child support obligation had been improperly calculated by the inclusion of unspecified medical and daycare expenses. Julie Ward's Response to the Objections indicates that the expenses were not unspecified, but were in fact stipulated at the outset of the hearing. A review of the Transcript indicates the amounts of these expenses were stipulated by the parties. (Transcript pp 14-21). This objection by John R. Ward is without merit.

{¶25} At these specifically referenced pages, the daycare expense paid by appellee was agreed to be forty-two hours per week at $18.64 per hour. T. at 17, 21. No objection was made when the magistrate recited these figures, no testimony was taken on the issue of daycare expenses, and no argument was made by appellant in closing as to the daycare expenses vis-à-vis child support.

{¶26} As explained by our brethren from the Eighth District in *Rice v. Rice,* 8th Dist. Cuyahoga No. 78682, 2001 WL 1400012, *4 (Nov. 8, 2001):

> A stipulation, sometimes used synonymously with "contract", is a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point to avoid the necessity for proof on an issue. *Burdge v. Bd. of Cty. Commrs.* (1982), 7 Ohio App.3d 356, 358,

455 N.E.2d 1055, 1058. A stipulation of a fact renders proof unnecessary. *F. Fareydoon-Nezhad v. Kilgore,* 1998 Ohio App. LEXIS 6328 (Dec. 18, 1998), Lawrence App. 98 CA 3, citing, *Peters Motors, Inc. v. Rodgers* (1954), 161 Ohio St. 480, 120 N.E.2d 80, paragraph two of the syllabus. Where parties choose to stipulate facts in lieu of presenting evidence, they "waive[ ] any error that may have occurred with respect to the fact that the trial court decided this case without hearing evidence presented by the parties." *Id.*

{¶27} "A trial court's decision with regard to granting or denying relief from a stipulation will not be interfered with on appeal except where the trial court has been guilty of a manifest abuse of discretion." *Id.; Blakemore, supra.*

{¶28} Appellant also argues Loc.R. 18.1 of the Court of Common Pleas of Fairfield County was violated wherein the rule provides that "[a]ll stipulations are to be in writing, approved by the parties or their counsel and filed with the Court unless waived by the Court." Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor,* 71 Ohio St.3d 660, 663, 1995-Ohio-40, citing *State ex rel. Fowler v. Smith,* 68 Ohio St.3d 357, 359, 1994-Ohio-302. *See, also, Lester v. Leuck,* 142 Ohio St. 91 (1943), paragraph one of the syllabus. As the Supreme Court of Ohio stated in *Lester* at 92-93, quoting *State v. Kollar,* 95 Ohio St. 89 (1915):

'The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted.

'It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.'

{¶29} Upon review, we find the trial court did not abuse its discretion in accepting the stipulated daycare expense amount in its calculation of child support.

{¶30} Assignments of Error I and II are denied.

III

{¶31} Appellant claims the trial court erred in setting the date for the new child support amount as the date he filed his motion to modify his child support obligation (April 26, 2013) as opposed to using the date appellee filed her motion to modify child support (October 8, 2013). We disagree.

{¶32} Again, our standard of review is abuse of discretion. *Booth, supra; Blakemore, supra.*

{¶33} We note appellant did not file an objection to the effective date of the child support modification in violation of Civ.R. 53(D)(3)(iv) which states: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any

factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶34} Nevertheless, in *McNeeley v. Ortiz,* 5th Dist. Stark No. 2010-CA-00012, 2010-Ohio-4650, ¶ 22, this court stated: "Generally, trial courts may make orders altering child support effective as of the date the opposing party had notice of the request ordered child support. *Waco v. Waco* (March 8, 1999), Stark App. No.1998-CA-00279."

{¶35} Appellant admits this is the general rule, but argues appellee also filed a subsequent motion to modify on October 8, 2013, and therefore the use of his motion's April date was error, especially since he withdrew his motion prior to the magistrate's hearing. In his appellate brief at 1, appellant admits his prior counsel filed a motion to terminate child support on February 12, 2013, "apparently unaware of the Castle agreement set forth in the original parenting plan of the parties."

{¶36} Appellant's April 26, 2013 motion to modify child support was predicated on the allegation that the child was receiving social security benefits. Appellee's October 8, 2013 motion to modify child support was predicated on a change of circumstances. Both motions put the issue squarely before the trial court.

{¶37} Upon review, we find the trial court properly chose the April 26, 2013 date pursuant to R.C. 3119.84, and the decision was not an abuse of discretion.

{¶38} Assignment of Error III is denied.

IV

{¶39} Appellant claims the trial court erred in finding him in contempt for failure to reimburse appellee for medical expenses. We disagree.

{¶40} We review contempt decisions under an abuse of discretion standard. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69 (1991); *Blakemore, supra.*

{¶41} As explained by our brethren from the Fourth District in *McDonald v. McDonald* 4th Dist. Highland No. 12CA1, 2013-Ohio-470, ¶ 17–18:

> Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party. *Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983); *Beach v. Beach,* 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955). The punishment is remedial, or coercive, in civil contempt. *State ex rel. Henneke v. Davis,* 66 Ohio St.3d 119, 120, 609 N.E .2d 544 (1993). In other words, civil contempt is intended to enforce compliance with a court's orders.

> The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford,* 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993).

{¶42} "Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence." *Allen v. Allen,* 10th Dist. Franklin No. 02AP-768, 2003-Ohio-954, ¶ 16.

{¶43} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶44} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶45} In her decision filed October 30, 2014, the magistrate found the following:

John Ward testified that after January 21, 2011, he began to receive separate bills for his 70 percent directly from the chiropractor. He paid medical bills directly to Keller Chiropractic, and that is not in dispute. There is no evidence presented, however, that he paid the portion from May 5, 2010, through January 21, 2011, of the chiropractic bill owed to Julie Ward that is the center of this action. John Ward admitted that he had seen Petitioner's Exhibit 1 prior to the hearing along with spread sheets from her on a monthly basis and eventually on a quarterly basis.

He testified that he believed that the chiropractic services were rendered to Nikki, and that he does not take Nikki to her appointments. He further testified that he does not remember what he paid and what he did not pay, and although he has all of the records at home, he did not bring the records to Court for the hearing.

*** 

Regarding Branch Two of the Motion and Affidavit in Contempt, John Ward is in contempt of court for failing to follow the Orders of the Court. He shall be incarcerated for a period of 30 days, suspended upon the condition that he pay to Julie Ward the sum of $1,276.98 within 60 days of the date of this entry and attorney fees in the amount of $675.00 within 90 days of the date of this Entry and the court costs of this action.

{¶46} In its decision filed May 12, 2015, the trial court found the following:

Lastly, John R. Ward objected to the Magistrate's finding that John R. Ward was in contempt of Court for failing to pay the child's bill owed to Dr. Keller. Julie Ward argues that the Magistrate's finding of contempt was correct as the evidence presented was clear and convincing. The Court finds that the Transcript indicates that the Plaintiff testified about a specific bill owed to Dr. Keller which she paid, and claims John R. Ward failed to reimburse his share. (Transcript, p. 48). The Court further finds that John Ward could not remember whether he paid the bill or not.

(Transcript, p. 34). The Court also finds that John R. Ward testified that he had records for payments made on the child's medical expenses at home, but he apparently failed to bring them to Court. (Transcript, p. 33). The Court finds that the evidence was clear and convincing to support a finding of Contempt against John Ward.

{¶47} Appellee testified appellant never reimbursed her for the amounts she paid on the bill from May 5, 2010 to January 11, 2011, and presented supporting documentation. T. at 42-45; Petitioner's Exhibit 1. Appellant admitted to previously reviewing the subject bill from Dr. Keller's office as he received bills from the office, but he was not certain if he had reimbursed appellee for any of the charges or whether his medical insurance had paid the amounts. T. at 34, 36-40. Appellant did not present any supporting documentation.

{¶48} Upon review, we find the trial court did not abuse its discretion in finding appellant in contempt of court.

{¶49} Assignment of Error IV is denied.

CASE NO. 15-CA-53

{¶50} In this appeal, appellant claims the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987); *Blakemore, supra.* Appellant based his Civ.R. 60(B) motion on "excusable neglect" and "fraud." Civ.R. 60(B)(1) and (3). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,*

47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

I

{¶51} Appellant claims the trial court erred in denying the admission of the depositions of representatives from the Fairfield County Board of Developmental Disabilities (hereinafter "FCBODD"). We disagree.

{¶52} Appellant concedes the depositions of the representatives were taken without proper notice to appellee, but argues this should be disregarded because of the trial court's limited time to rule on the Civ.R. 60(B) motion pursuant to remand.

{¶53} Appellant argues the depositions would have shown that Nicole participated in programs offered by the FCBODD that overlapped with the alleged daycare expense. The trial court never reached this issue as it denied the Civ.R. 60(B) motion because of the stipulated daycare expense amount.

{¶54} Upon review, we find whether the depositions were or were not received had no bearing on the trial court's decision.

{¶55} Assignment of Error I is denied.

II

{¶56} Appellant claims the trial court erred in denying his Civ.R. 60(B) motion claiming excusable neglect and fraud based on his former attorney's reliance on statements made by opposing counsel regarding the aforementioned stipulation. We disagree.

{¶57} In its September 25, 2015 judgment entry denying the motion, the trial court clearly explained in a lengthy entry that all of the numbers used to calculate the daycare expense amount, forty-two hours a week at $18.64 per hour, were stipulated to by appellant. This stipulation was made after discovery and on the record. As we found above, despite the fact that the stipulation was not memorialized per local rule, the record is unequivocal that both parties agreed to the stipulation and argued the case on other issues. Appellee testified to the daycare expense and appellant and his trial counsel had ample opportunity to cross-examine her.

{¶58} A Civ.R. 60(B) motion is not a sword to strike down unanticipated losses, but to set wrongs right. Excusable neglect or failure to object or pursue discovery by trial counsel are not valid reasons to re-open a fully litigated case. Appellant's present defense à la the FCBODD depositions were available to him at the time of the hearing. Appellee's October 8, 2013 motion to modify child support put appellant on notice of the extended daycare:

Petitioner, Julie Ward asserts that it is in the best interest of the parties' minor child for the child support obligation of Petitioner-Father to

be adjusted based upon a change in circumstances. The minor child is disabled and has received substantial daycare assistance through public resources. On the date of the minor child's twenty-first birthday, October 12, 2013, the child's public assistance for daycare will be greatly reduced. At that time, it will be necessary for Petitioner-Mother to pay for daycare for the child out of private funds. Furthermore, Petitioner-Mother avers that there may be other changes in circumstances that would warrant a modification of the child support award.

{¶59} This was known to appellant a year prior to the trial court's final decision. Appellant's claim of fraud premised on appellee's "[f]ailure to disclose Nikki's participation in adult disability services" is without merit. *See,* Appellant's Supplemental Memorandum filed September 9, 2015.

{¶60} Upon review, we find the trial court did not abuse its discretion in denying the Civ.R. 60(B) motion for relief from judgment.

{¶61} Assignment of Error II is denied.

III

{¶62} Appellant claims the trial court should have granted his motion for relief from judgment because no specific objection was made to the retroactive start date of the modified child support amount. We disagree.

{¶63} "A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull County Children Services Board,* 28 Ohio St.3d 128, (1986), paragraph two of the syllabus.

{¶64} Appellant filed a timely appeal on the issue of the retroactive start date which was addressed above and denied.

{¶65} Assignment of Error III is denied.

{¶66} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 624