[Cite as *Messenger v. Carper*, 2019-Ohio-611.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JACQUELYN MESSENGER | : | Hon. W. Scott Gwin, P.J. |
| FKA CARPER | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2018CA00101 |
|  | : |  |
| NICKOLAS CARPER | : |  |
|  | : | OPINION |
| Defendant-Appellant | : |  |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2002 DR 1613


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      February 19, 2019


APPEARANCES:

For Plaintiff-Appellee

THEODORE LESIAK
RODERICK LINTON BELFANCE
50 South Main Street, 10th Floor
Akron, OH 44308

For Defendant-Appellant

CHRISTOPHER COLERIDGE
101 Central Plaza South
Suite 500
Canton, OH 44702

*Gwin, P.J.*

{¶1}    Appellant Nickolas Carper ["Carper"] appeals the June 26, 2018 decision of the Stark County Court of Common Pleas Family Court Division finding him in contempt for failing to comply with the March 14, 2017 Agreed Judgment Entry concerning child support, children's medical bills and his military pension.   He contends that he was confused regarding the provisions in the Agreed Entry and therefore the trial court abused its discretion in finding him in contempt of court.  [Appellant's Brief at 5].

*Facts and Procedural History*

{¶2}    Carper and Jacquelyn Carper, nka Messenger ("Wife") were married in 1997 and had two children.  They divorced in 2004.  Their separation agreement, which was incorporated into the divorce decree, required that Carper pay child support and a portion of their children's medical expenses.  It also required him to pay Wife part of his monthly military pension benefits.

{¶3}    The parties filed various motions in 2016 and 2017.  Carper asked the court to determine how much spousal support he had been overcharged by CSEA[1] and to modify his monthly obligation.  Wife asked the court to divide Carper's military pension and to find him in contempt for failing to pay certain medical expenses.  The parties resolved their motions through an Agreed Entry filed March 14, 2017.

{¶4}    On July 17, 2017, Wife filed a Motion to Show Cause.  In her motion, Wife requests the court to find Carper in contempt for failing to reimburse Wife for Carper's share of the medical bills for the children as well as Carper's failure to pay debt and pension payments.

---

[1] Child Support Enforcement Agency

{¶5} Wife attached an affidavit to her Motion to Show Cause. In her affidavit, filed July 17, 2017, Wife states that she has submitted the children's medical bills to Carper for payment and/or reimbursement and Carper has failed to pay and/or reimburse his share of medical bills for the children as previously ordered by the trial court. Additionally, in her July 17, 2017 affidavit, Wife states that Carper failed to pay debt and pension payments pursuant to this court's order of March 14, 2017.

{¶6} An evidentiary hearing on the motion to show cause took place on April 3, 2018.

{¶7} On June 26, 2018, the trial court issued a Judgment Entry finding Carper in contempt of court for refusing to pay his portion of the children's current medical bills. In addition, the trial court found Carper in contempt of court for failing to pay the agreed $350.00 per month payment toward the pension and previous medical bill arrearage as required by the Agreed Judgment Entry. Further, the trial court found Carper in contempt of court for refusing to pay $385.23 per month for the current pension division as previously ordered in the Agreed Judgment Entry. The Judgment Entry provided a means for Carper to purge his contempt.

*Assignment of Error*

{¶8} Carper raises one assignment of error,

{¶9} "I. THE TRIAL COURT ERRED IN HOLDING HUSBAND IN CONTEMPT OF COURT BECAUSE THERE WAS CONFUSION ABOUT WHAT WAS REQUIRED BY THE AGREED ENTRY."

*Law and Analysis*

**{¶10}** Carper contends that the evidence demonstrated that he believed he was current on his payments. However, he argues because there was confusion regarding the provisions in the Agreed Entry, the trial court erred in holding him in contempt.

**STANDARD OF APPELLATE REVIEW**

**{¶11}** We review contempt decisions under an abuse of discretion standard. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

**{¶12}** As explained by our brethren from the Fourth District,

> Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party. *Pedone v. Pedone*, 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983); *Beach v. Beach*, 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955). The punishment is remedial, or coercive, in civil contempt. *State ex rel. Henneke v. Davis*, 66 Ohio St.3d 119, 120, 609 N.E.2d 544 (1993). In other words, civil contempt is intended to enforce compliance with a court's orders.

> The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving

party's noncompliance with the terms of that order. *Wolf v. Wolf* 1st Dist. Hamilton No. C–090587, 2010–Ohio–2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford*, 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993). *McDonald v. McDonald* 4th Dist. Highland No. 12CA1, 2013–Ohio–470, ¶17–18. *Accord, Ward v. Ward*, 5th Dist. Fairfield Nos. 15-CA-33, 15-CA-53, 2016-Ohio-5178, ¶41-44.

{¶13} "Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence." *Allen v. Allen*, 10th Dist. Franklin No. 02AP–768, 2003–Ohio–954, ¶16.

{¶14} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E. 2d 118 (1954), paragraph three of the syllabus.

{¶15} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180(1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

**ISSUE FOR APPEAL.**

***A. Whether the trial court's decision is untenable, legally incorrect, amounts to a denial of justice, or reaches an end or purpose not justified by reason and the evidence.***

1). Agreed Judgment Entry of March 14, 2017

**{¶16}** In the case at bar, the Agreed Judgment Entry filed March 14, 2017 which is at the heart of this appeal provided in relevant part,

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant shall pay child support in the sum of $663.50 per month plus the 2% processing fee effective September 8, 2016. A copy of the Child Support Calculation is attached hereto, made a part hereof, and marked Exhibit A. Defendant shall not be credited with any overpayment of child support retroactive to the time of filing of Defendant's Motion to Modify Child Support on July 9, 2015 or from the modification of child support ordered previously on March 1, 2014. As of September 8, 2016 Defendant's overpayment of child support in the sum of $5098.79 as of 2/28/17[2] shall be reduced to $0.00. The Stark County Child Support Enforcement Agency shall adjust their records accordingly.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall pay Plaintiff $7,901.21[3] as and for Defendant's arrearage related to Military Pension payments owed to Plaintiff, and Defendant's arrearage related to past medical bills of the Parties' children. Beginning September 1, 2016 Defendant shall pay $7,901.21 debt directly to Plaintiff in monthly payments of $350.00 until the debt is paid in full. Said payments are payable by the end of each month.

---

[2] The typewritten figure of "$4,298.79" was crossed out and replaced with the handwritten interlineation: "$5098.79 as of 2/28/17."

[3] The typewritten figure of "$8,733.51" was crossed-out and replaced with the handwritten interlineation: "$7,901.21" in both places within the sentence.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall pay directly to Plaintiff 11.0548% of his Military Pension after Federal Taxes[4] beginning September 1, 2016. Said payments are payable by the end of each month. Currently Defendant's payments to Plaintiff shall be $385.23[5] per month. Defendant shall provide Plaintiff with verification of funds received from Defendant's Military Pension upon Plaintiffs request.

\* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff will notify Defendant of medical appointments of the Parties' children before each appointment, and submit each medical bill to Defendant on the Family Wizard. Defendant will reimburse Plaintiff for Defendant's percentage of each medical bill submitted on the Family Wizard within thirty (30) days of submission.

\* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any Order of this Court not herein modified shall remain in full force and effect.

\* \* \*

2). The trial court's findings.

---

[4] The handwritten interlineation "after Federal Taxes" was added after the term "Military Pension."
[5] The typewritten figure of "$442.30" was crossed-out and replaced with the handwritten interlineation: "$385.23."

{¶17} In the case sub judice, Wife presented a prima facie case to support her contempt motion. She presented evidence of the March 14, 2017 Agreed Judgment Entry.

*a). Child Support.*

{¶18} The trial court found based upon the evidence presented that CSEA subtracted the $5.098.79 from Carper's overpayment of child support which had been calculated at $7,049.43 as of February 1, 2017. This left Carper with an overpayment of child support to Wife in the sum of $1,950.64 as of February 28, 2017. Due to continued overpayments on his child support Carper incurred total overpayments to the Wife in the amount of $2,332.89 as of February 28, 2018. Accordingly, the trial court did not find Carper in contempt concerning his child support obligation to Wife.

*b). Medical Bills of the children.*

{¶19} The trial court determined that credible evidence showed that the Wife did appropriately submit the medical/optical bill to Carper through "Our Family Wizard." That medical/optical bill totaled $219.76. Carper's portion of the $219.76 bill totals $142.18. Item number four on the trial court's Standard Exhibit C incorporated in the Shared Parenting Plan provides, in relevant part, that Wife is responsible for the payment of the first $100.00 per child, per calendar year of all uninsured ordinary medical, dental, and optical expenses, including co-payments and/or deductibles. Carper and Wife shall share the costs of all uninsured extra ordinary medical, dental and optical expenses, including, but not limited to orthodontia and psychological expenses, co-payments and/or deductibles incurred for a child under the health

insurance plan(s) that cover the child(ren), in the amounts equal to their percentage of total income found on line 16 of the Child Support Computation Worksheet.

**{¶20}** The trial court found that Carper refused to pay his share and therefore he was in contempt for refusing to pay $142.18 of the children's medical expenses.

*c). Military pension benefits.*

**{¶21}** The trial court found that Carper admitted that he was not paying the sum of $350.00 on a timely monthly basis to the Wife. Pursuant to March 14, 2017 agreed entry, Carper was supposed to make the $350.00 monthly payment directly to Wife which would then be applied against his arrearage related to his Military Pension payments. The $350.00 payments were to commence September 1, 2016. As indicated above, the arrears related to his Military Pension payments totaled $7,901.21.

**{¶22}** The trial court found Carper is in contempt for failure to pay the $350.00 monthly payment on his arrearage to Wife in a timely manner.

**{¶23}** The trial court found Carper admitted that he was not paying the sum of $385.23 to the Wife. Carper admitted that he has chosen to deduct local taxes from the $385.23 monthly payment due to Wife. The entry states, in pertinent part, as follows: "Currently Defendant's payments to Plaintiff shall be $385.23 per month."

**{¶24}** The trial court found Carper in contempt of court for his refusal to pay the sum of $385.23 per month from his current Military Pension Benefits to Wife.

3). Mistake or confusion is not a defense in this case.

**{¶25}** Carper's defense was that he was confused regarding the provisions in the Agreed Judgement Entry. He claimed that he did not know what the final entry contained. He further contends that he instructed his attorney at the time to make

changes but those changes were not made. [Appellant's Brief at 4-5]. Carper presented no evidence other than his own testimony to support his belief that his overpayment of child support would be applied to reduce the $7,901.00 arrange on the payment of his Military Pension Benefits.

**{¶26}** In the case at bar, Carper did not appeal the March 14, 2017 Agreed Judgment Entry. Nor did Carper seek to have the trial court review or modify the amounts specified in the Agreed Judgment Entry based upon his concerns.

**{¶27}** A finding of contempt must be made even if the party did not intentionally disregard a court order; i.e., the fact that a party acted innocently is not a valid defense to a contempt claim. *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984), *quoting Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph three of the syllabus. In other words, "[p]roof of purposeful, willing or intentional violation of a court order is *not* a prerequisite to a finding of contempt. * * * 'It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result.'" *Pugh,* 15 Ohio St.3d at 140, 472 N.E.2d 1085, *quoting Pedone v. Pedone,* 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (8th Dist.1983)(emphasis in original).

**{¶28}** As the Supreme Court said in *McComb v. Jacksonville Paper Co.*,

The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. *See United States v. United Mine Workers*, 330 U.S. 258, 303-304, 67 S.Ct. 677, 701, 91 L.Ed.

884; *Penfield Co. v. Securities & Exchange Commission*, 330 U.S. 585, 590, 67 S.Ct. 918, 921, 91 L.Ed. 1117; *Maggio v. Zeitz*, 333 U.S. 56, 68, 68 S.Ct. 401, 407 (92 L.Ed. 476). Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions.

336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599(1949).

4). Conclusion.

**{¶29}** The language utilized in the March 14, 2017 Agreed Judgment Entry with regard to Carper's financial obligations is clear and unambiguous. Our review of the record reveals the decision of the trial court is not untenable, or legally incorrect. Nor does the decision of the trial court amount to a denial of justice, or reach an end or purpose not justified by reason and the evidence. The trial court's findings are supported by clear and convincing evidence.

**{¶30}** Upon a thorough review of the record, we find no abuse of discretion by the trial court.

**{¶31}** Carper's sole assignment of error is overruled.

{¶32} The judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur