[Cite as *Berry-Silverman v. Silverman*, 2026-Ohio-1802.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| MELISSA BERRY-SILVERMAN, | Case No. 25 CAF 10 0094 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 20 DR B 07 0346 |
| ANDREW SILVERMAN, | |
| Defendant - Appellee | Judgment:  Affirmed |
| | Date of Judgment Entry: May 15, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** CHRISTOPHER L. TROLINGER, for Plaintiff-Appellant; JOHN H. COUSINS, IV, for Defendant-Appellee.

*Baldwin, J.*

**{¶1}** The appellant, Melissa Berry-Silverman, appeals the trial court's decision overruling her objections to the magistrate's decision denying her motion for contempt. The appellee is Andrew Silverman. For the reasons that follow, we affirm the trial court's decision.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** The appellant and the appellee were married on April 20, 2013. They had no children. On July 2, 2020, the appellant filed a Complaint for Divorce. On August 24, 2021, the matter proceeded to a trial before a magistrate. On September 28, 2021, the magistrate issued findings of facts and conclusions of law. The appellant filed objections to the magistrate's decision, which the trial court overruled in a November 23, 2021, Judgment Entry/Objections to Magistrate's Decision/Decree of Divorce.

**{¶3}** The Decree of Divorce provided, inter alia, the following:

- **<u>Real Property, Tangible Personal Property and associated</u> <u>liabilities</u>**

The real property located at 5887 Highland Hills Drive, Westerville, Ohio shall be listed for sale within 30 days of the date of this Entry. The property shall be listed with Nicole Yoder Barnhard, at a price recommended by the Realtor, and shall remain listed until sold. **Both Parties shall cooperate with the Realtor, keep the home in a saleable condition, and shall not unreasonably reject any offer.**

**At the time of sale, the proceeds shall be equally divided by the parties after payment of all taxes, insurance, mortgages, tax liens, Realtor fees, other costs of sale, and $110,897.21 to Plaintiff as and for her separate property interest in the home. The parties shall direct that all proceeds shall be paid to the trust account of Attorney Grossman at the time of closing. Attorney Grossman shall then disburse Wife's portion of the proceeds to Attorney Sathappan.**

Until the time of sale, Husband shall pay the mortgage, taxes, and insurance for the home and Wife shall pay the utilities and daily upkeep expenses. The cost of any major, necessary repair expenses shall be divided equally by the parties.

*       *       *

- **<u>Retirement</u>**

Husband shall have as his property, free and clear of all claims of Wife, Ameriprise IRA #3659 and Ameriprise ROTH IRA #7734.

Wife shall transfer and Husband shall receive $5,245 from **Ameriprise IRA #0523** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Husband shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Husband shall be entitled to rights of survivorship as to his portion of the IRA until his portion is transferred in full. Wife shall have as her property free and clear of all claims of Husband the remaining balance of her IRA after said transfer.

Wife shall transfer and Husband shall receive $11,473 from **Ameriprise IRA #4508** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Husband shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Husband shall be entitled to rights of survivorship as to his portion of the IRA until his portion is transferred in full. Wife shall have as her property free and clear of all claims of Husband the remaining balance of her IRA after said transfer.

Wife shall transfer and Husband shall receive $4,307 from **Ameriprise ROTH IRA #1664** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Husband shall be transferred pro

rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Husband shall be entitled to rights of survivorship as to his portion of the IRA until his portion is transferred in full. Wife shall have as her property free and clear of all claims of Husband the remaining balance of her IRA after said transfer.

Wife shall transfer and Husband shall receive $607 from **Fidelity Rollover IRA #7876** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Husband shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Husband shall be entitled to rights of survivorship as to his portion of the IRA until his portion is transferred in full. Wife shall have as her property free and clear of all claims of Husband the remaining balance of her IRA after said transfer.

As to the above three transfers, Wife shall obtain any necessary documents from Ameriprise for a trustee to trustee transfer and provide said documents to Huband for his completion or notify Husband if a DRO is necessary. Any necessary DRO shall be prepared by Husband's counsel or by a company at his direction and each party shall be responsible for paying 50% of the cost of said preparation. Both parties are Ordered to cooperate

in signing and providing any necessary documents for the transfer within 30 days of the date of the Decree.

Husband shall transfer and Wife shall receive $7,577 from **Ameriprise IRA #6177** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Wife shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Wife shall be entitled to rights of survivorship as to her portion of the IRA until her portion is transferred in full. Husband shall have as his property free and clear of all claims of Wife the remaining balance of his IRA after said transfer.

Husband shall transfer and Wife shall receive $8,531 from **Ameriprise IRA #9975** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Wife shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Wife shall be entitled to rights of survivorship as to her portion of the IRA until her portion is transferred in full. Husband shall have as his property free and clear of all claims of Wife the remaining balance of his IRA after said transfer.

Husband shall transfer and Wife shall receive $33,777 from **Ameriprise IRA #3663** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO)

if necessary. The amount transferred to Wife shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Wife shall be entitled to rights of survivorship as to her portion of the IRA until her portion is transferred in full. Husband shall have as his property free and clear of all claims of Wife the remaining balance of his IRA after said transfer.

Husband shall transfer and Wife shall receive $4,041 from **Ameriprise ROTH IRA #9660** as of May 31, 2021. Said transfer shall be via Trustee to Trustee transfer, if possible, or Domestic Relations Order (DRO) if necessary. The amount transferred to Wife shall be transferred pro rata, in-kind among all of the holdings within the Plan and shall be adjusted to include all interest, dividends, investment gains and losses from May 31, 2021 to the date of transfer or closest valuation date thereto. Wife shall be entitled to rights of survivorship as to her portion of the IRA until her portion is transferred in full. Husband shall have as his property free and clear of all claims of Wife the remaining balance of his IRA after said transfer.

As to the above four transfers, Husband shall obtain any necessary documents from Ameriprise for a trustee to trustee transfer and provide said documents to Wife for her completion or notify Wife if a DRO is necessary. Any necessary DRO shall be prepared by Wife's counsel or by a company at her direction and each party shall be responsible for paying 50% of the cost of said preparation. Both parties are Ordered to cooperate in

signing and providing any necessary documents for the transfer within 30 days of the date of the Decree.

\*     \*     \*

- **Equalizing Payment**

Husband shall pay $14,213, minus the amount owed by Wife for Heather Deskins' fees, to Wife within 30 days of the date of this Entry in order to equalize the property division herein.

\*     \*     \*

(Boldface original.)

**{¶4}** On December 6, 2021, the appellant filed for bankruptcy, leading to a stay of the proceedings; as a result, she did not cooperate in listing the parties' Highland Hills Drive real property for sale within 30 days as required by the November 23, 2021, Decree of Divorce. In addition, on December 20, 2021, the appellant appealed the trial court's November 23, 2021, Judgment Entry/Decree of Divorce; said appeal was terminated pending the appellant's bankruptcy, and reactivated on December 1, 2022, following the lifting of the bankruptcy court's stay. This Court affirmed the trial court's decision in *Berry-Silverman v. Silverman,* 2023-Ohio-824 (5th Dist.). During this time, the appellee continued to pay the mortgage and other expenses as required by the Decree. Indeed, the appellee continued to pay said expenses until the property sold in May of 2023. The appellee ultimately paid a total of $42,081.78 in expenses related to the home while the appellant continued to live there with her paramour.

**{¶5}** On December 26, 2024, the appellant filed a Motion to Show Cause and Hold [appellee] in Contempt, in which she argued that the appellee was in contempt of court for failing to pay for repairs to the marital home, failing to pay the equalization payment, and failing to transfer his retirement interests to the appellant.[1]

---

[1] The appellee also filed a motion for contempt against the appellant. The trial court also denied the appellee's motion, and he has not appealed the trial court's decision.

**{¶6}** A trial was conducted on the issue of contempt at which the following evidence was presented. The appellant argued that she had incurred $70,278.16 for necessary repairs to the home in order to get it prepared for sale. The evidence presented during the trial established that much of the repair work was completed by the appellant's paramour. The appellant presented no evidence that said repairs were deemed necessary by a realtor, an inspector, or a prospective buyer, nor did she present evidence that the parties had agreed the repairs were necessary. In fact, evidence was presented that the appellee was not consulted prior to said repairs, but rather, was presented with a bill by the appellant for his share of the repairs approximately three months after the home sold.

**{¶7}** With regard to the equalizing payment, the appellant did not present evidence regarding the precise amount that was owed to Heather Deskings. Because the Decree ordered the appellee to pay the appellant $14,213 minus the amount the appellant owed to Ms. Deskins, and the appellant failed to establish her 50% share of Ms. Deskins' bill, the court was unable to determine how much the appellee owed to the appellant in order to "equalize" the property settlement.

**{¶8}** With regard to the appellee's alleged failure to transfer funds to the appellant from his retirement accounts, evidence was presented during the contempt trial establishing that the appellee contacted the parties' financial advisor, and that he believed all that remained was for the appellant to respond to the financial advisor in order to complete the transfers. In addition, the evidence established that the appellant had failed to initiate the transfer of her retirement monies to the appellee as was also ordered.

**{¶9}** The magistrate issued a Magistrate's Decision on May 8, 2025, in which she denied the appellant's Motion to Show Cause and Hold [appellee] in Contempt. The appellant filed objections and supplemental objections to the magistrate's decision. On

September 23, 2025, the trial court overruled the appellant's objections, and denied her Motion to Show Cause and Hold [appellee] in Contempt.

{¶10} The appellant filed a timely appeal in which she sets forth the following four assignments of error:

{¶11} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND APPELLEE IN CONTEMPT FOR HIS VIOLATION OF THE COURT ORDER TO COOPERATE IN MAINTAINING THE SALEABILITY OF MARITAL RESIDENCE AND THE ORDER TO EQUALLY DIVIDE THE COST OF ANY MAJOR, NECESSARY REPAIR EXPENSES."

{¶12} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND APPELLEE IN CONTEMPT FOR HIS VIOLATION OF THE COURT ORDER TO PAY APPELLANT THE EQUALIZATION PAYMENT OF $14,213 MINUS 50% OF THE FEES CHARGED BY HEATHER DESKINS AND THE COURT ORDER THAT HE TO [SIC] PROVIDE A COPY OF THE FINAL BILL TO WIFE."

{¶13} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND APPELLEE IN CONTEMPT FOR HIS VIOLATION OF THE ORDER TO TRANSFER FUNDS FROM FOUR IRA ACCOUNTS TO APPELLANT BY TRUSTEE TO TRUSTEE TRANSFER AND HE WAS ORDERED TO OBTAIN ANY NECESSARY DOCUMENTS FROM AMERIPRISE AND PROVIDE THEM TO APPELLANT FOR COMPLETION OR TO NOTIFY HER IF A DRO WAS NECESSARY."

{¶14} "IV. THE TRIAL COURT ERRED IN APPLYING THE UNCLEAN HANDS DOCTRINE TO APPELLEE'S FAILURE TO COMPLETE THE TRUSTEE TO TRUSTEE TRANSFER OF THE RETIREMENT ASSETS TO APPELLANT."

{¶15} The appellant argues that the trial court erred when it denied her Motion to Show Cause and Hold [appellee] in Contempt. We disagree.

## STANDARD OF REVIEW

**{¶16}** The appellate standard of review of a trial court's decision regarding contempt of court is abuse of discretion. *Gordon v. Gordon,* 2023-Ohio-4780, ¶14 (5th Dist.). To find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶17}** The appellant's assignments of error are interrelated and as such shall be addressed together. This Court discussed contempt of court in *Messenger v. Carper*, 2019-Ohio-611 (5th Dist.):

As explained by our brethren from the Fourth District,

Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party. *Pedone v. Pedone*, 11 Ohio App.3d 164, 165, 11 Ohio B. 247, 463 N.E.2d 656 (1983); *Beach v. Beach*, 99 Ohio App. 428, 431, 134 N.E.2d 162 (1955). The punishment is remedial, or coercive, in civil contempt. *State ex rel. Henneke v. Davis*, 66 Ohio St.3d 119, 120, 609 N.E.2d 544 (1993). In other words, civil contempt is intended to enforce compliance with a court's orders.

The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Wolf v. Wolf* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, 2010 WL 2473277, ¶ 4; *Morford v. Morford*, 85 Ohio App.3d 50, 55, 619 N.E.2d 71 (4th Dist.1993).

*McDonald v. McDonald* 4th Dist. Highland No. 12CA1, 2013-Ohio-470, ¶17-18. *Accord, Ward v. Ward*, 5th Dist. Fairfield Nos. 15-CA-33, 15-CA-53, 2016-Ohio-5178, ¶41-44.

"Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence." *Allen v. Allen*, 10th Dist. Franklin No. 02AP-768, 2003-Ohio-954, ¶16.

"Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E. 2d 118 (1954), paragraph three of the syllabus.

We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180(1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159.

*Id.* at ¶¶ 12 – 15. Thus, the burden was on the appellant to establish by clear and convincing evidence that the appellee violated the orders of the trial court. The appellant failed to meet this burden.

- ***Major, Necessary Repair Expenses to Marital Residence***

{¶18} The Decree of Divorce required that "[t]he real property . . . shall be listed for sale within 30 days of the date of this Entry. The property shall be listed with Nicole Yoder Barnhard, at a price recommended by the Realtor, and shall remain listed until

sold. Both Parties shall cooperate with the Realtor, keep the home in a saleable condition, and shall not unreasonably reject any offer." The Decree provided further that "[u]ntil the time of sale, [appellee] shall pay the mortgage, taxes, and insurance for the home and [appellant] shall pay the utilities and daily upkeep expenses. The cost of any major, necessary repair expenses shall be divided equally by the parties."

{¶19} The home was not listed for sale within 30 days with Nicole Yoder Barnhard as ordered by the Decree because the appellant filed for bankruptcy, resulting in a stay. In addition, she filed an appeal of the trial court's Judgment Entry/Decree of Divorce, further delaying the sale of the home. During that time, she continued to live in the home with her paramour while the appellee paid the mortgage, taxes and insurance on the home. Repairs were made to the home, but the appellant submitted no evidence that established the repairs were deemed necessary by a realtor, an inspector, or a prospective buyer. Furthermore, she failed to present evidence that the parties had agreed the repairs were necessary – in fact, there was evidence that the appellee was not consulted prior to said repairs, but rather, was presented with the bill after the home sold. Finally, the appellant failed to present evidence that she was the one who actually paid for the repairs. Indeed, the evidence presented during the trial on the motions for contempt established that the appellant's paramour performed and paid for much of the repairs himself. Based upon our review of the trial court proceedings, we cannot say that the trial court's decision to overrule the appellant's objections to the magistrate's decision regarding reimbursement for the repairs to the home was unreasonable, arbitrary, or unconscionable.

- ***Equalization Payment***

{¶20} The appellant also argues that the appellee was in contempt of court because he failed to pay her the $14,213 equalization payment minus 50% of the fees charged by

Heather Deskins. Our review of the evidence confirms that the appellant failed to establish Ms. Deskins' fees during the trial on the motions for contempt, and consequently the precise amount of the equalization payment was not established. As such, the appellant failed to establish by clear and convincing evidence that the appellee was in contempt. Accordingly, we cannot say that the trial court's decision to overrule the appellant's objection to the magistrate's decision regarding the equalization payment was unreasonable, arbitrary, or unconscionable.

- ***Division of Retirement Accounts***

{¶21} The appellant argues further that the trial court abused its discretion when it affirmed the magistrate's decision finding that the appellee was not in contempt of court for his alleged failure to effectuate division of his retirement accounts. The Decree of Divorce, however, required both parties to effectuate division of their respective retirement accounts, and the evidence presented during trial on the contempt motions established that neither party had divided their accounts. Furthermore, the appellee testified that he had contacted the parties' financial advisor, who provided services to both; believed that he had taken all necessary steps for the transfers; and, believed that it was the appellant who had to complete forms to effectuate the transfers of his retirement monies. Based upon our review of the record, we cannot say that the trial court's decision to overrule the appellant's objection to the magistrate's decision regarding the retirement monies, and issuance of an order requiring both parties complete all documentation necessary to effectuate division of their respective retirement accounts, was unreasonable, arbitrary, or unconscionable.

- ***Unclean Hands***

{¶22} The magistrate referenced the doctrine of unclean hands in her discussion of the division of the parties' retirement accounts, presumably because the appellant,

while seeking to have the appellee found in contempt of court for failing to effectuate the division, had herself taken no steps to effectuate the division of her retirement accounts as ordered in the Decree of Divorce. The magistrate's mention of unclean hands when addressing this issue does not vitiate the fact that the appellant failed to establish the appellee's alleged contempt by clear and convincing evidence. The appellant failed to submit clear and convincing evidence that the appellee refused to divide his retirement monies;  failed to offer the testimony of the parties' financial advisor regarding the division of the retirement monies; and, failed to submit evidence that she had attempted to complete necessary paperwork, or that the appellee alone was responsible for the non-completion of necessary paperwork, or that he otherwise inhibited the division of the monies. The fact that the magistrate mentioned unclean hands does not nullify the appellant's failure to satisfy her burden of submitting clear and convincing evidence of contempt on the part of the appellee, nor does it eradicate the trial court's assessment of the issue from the totality of the circumstances point of view. We cannot say that the trial court's decision to overrule the appellant's objection in this regard was unreasonable, arbitrary, or unconscionable.

**{¶23}** In summation, the appellant failed to establish the appellee's alleged contempt by clear and convincing evidence; that is, she failed to provide evidence which "provided in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Furthermore, the weight to be given to the evidence and the credibility of the witnesses are issues for the trial court, who was in the best position to ascertain the demeanor, attitude, and credibility of the witnesses in this matter. We thus find the appellant's assignments of error numbers one, two, three, and four to be without merit.

## CONCLUSION

{¶24} Based upon the foregoing, appellant's assignments of error numbers one, two, three, and four are overruled, and the decision of the Delaware County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.

{¶25} Costs to appellant.

By: Baldwin, J.

King, P.J. and

Montgomery, J. concur.